UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS K. JOOS, JR., et al.,

     Plaintiffs,

v.                                                                                    Case No. 8:25-cv-3368-TPB-AEP

SAMI HALABI, et al.,

     Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT"

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiffs' Amended Complaint," filed by Defendants Sami Halabi and CPR Certification, LLC on March 27, 2026.  (Doc. 29).  On April 17, 2026, Plaintiffs Douglas K. Joos, Jr. and CPR LLC filed a response in opposition.  (Doc. 34).  After reviewing the motion, response in opposition, court file, and the record, the Court finds as follows:

### Background[1]

This case stems from a business relationship gone sour.  Plaintiff Douglas K. Joos and Defendant Sami Halabi are former business partners.  In 2017, they formed Fit Industries, LLC to operate CPR training businesses – specifically, they provided classes, seminars, workshops, and other educational services in the fields

---

[1] The Court accepts as true the facts alleged in Plaintiffs' amended complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

of health, cardiovascular health, cardiopulmonary resuscitation ("CPR"), automated external defibrillator first aid, and other things. The company operated under a certain logo, which was followed by the name of the respective city in which it was operating.

On February 8, 2021, Joos and Halabi entered into a partnership dissolution agreement – the dissolution was not an amicable one, by any measure. But the parties did resolve their disagreements at the time and agreed upon a detailed method to divide and dissolve Fit Industries, LLC. Both Joos and Halabi remained in the CPR training industry. Joos formed Plaintiff CPR LLC in February 2021. Halabi formed Defendant CPR Certification, LLC at the same time.

At the heart of this action is the use of a logo for Joos's and Halabi's current CPR training businesses. In the dissolution agreement, the parties agreed that Joos would keep the Fit Industries company logo for his new business, and that Halabi could use "CPR," "Certification," and the unique city name in his new logo. The parties expressly agreed on one limitation for Habi's new logo – that the design must be different than the one currently used by Fit Industries, LLC. But Plaintiffs contend that Defendants are violating that agreement and are infringing upon their trademarks.

On November 26, 2025, Plaintiffs filed the instant lawsuit asserting claims for: (1) breach of contract (Joos against Halabi) (Count I); (2) breach of contract (Joos against Halabi) (Count II); breach of contract (non-disparagement) (Joos against Halabi) (Count III); (4) breach of contract (post-dissolution restrictive

covenant/confusion) (Joos against Halabi) (Count IV); (5) tortious interference with business relationships (CPR LLC against Defendants) (Count V); (6) federal trademark infringement (CPR LLC against Defendants) (Count VI); federal false designation of origin (CPR LLC against Defendants) (Count VII); federal false advertising (CPR LLC against Defendants) (Count VIII); contributory federal trademark infringement (CPR LLC against Halabi) (Count IX); Florida common law trademark infringement and unfair competition (CPR LLC against Defendants) (Count X); contributory Florida common law trademark infringement and unfair competition (CPR LLC against Halabi) (Count XI); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (CPR LLC against Defendants) (Count XII); violation of the Florida Deceptive and Misleading Advertising statute (CPR LLC against Defendants) (Count XIII), defamation (libel and slander) (Joos against Halabi) (Count XIV); and cancellation of trademark registration (CPR LLC against CPR Certification, LLC) (Count XV).  Defendants have moved to dismiss the amended complaint with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

<u>Analysis</u>

In the motion to dismiss, Defendants argue the amended complaint should be dismissed with prejudice.

*Count I*

Defendants argue Plaintiffs fail to state a claim in Count I. In Count I, Joos alleges that Halabi breached the dissolution agreement by (1) failing to use a logo that is different from his logo and using one that is "confusingly similar," (2) failing to make changes to his websites and causing customer confusion between the parties' websites, and (3) filing and maintaining an opposition with the Trademark

Board.  The allegations of Count I are sufficient to state breach of contract claims as to the first and second points.

However, the Court agrees with Defendant as to the third.  Neither Joos nor Halabi are parties to the TTAB proceedings, and so it is unclear how Joos can maintain a cause of action against Halabi directly for breach of the dissolution agreement between Joos and Halabi based on the TTAB proceedings.  As such, the motion to dismiss is granted as to this ground.  In an abundance of caution, the Court will grant leave to amend, if Plaintiffs may do so in good faith.

### Count II

Defendants argue that Plaintiffs fail to state a claim in Count II by incorporating paragraphs 14 and 28, which include the same conduct forming the factual basis of the breach of contract claim in Count I.  This incorporation is not improper, so the motion is denied as to this ground.

### Count III

Defendants argue that Plaintiffs fail to state a claim in Count III by incorporating paragraphs 52 through 55, which are also included in tortious interference and deceptive advertising counts.  This incorporation is not improper, so the motion is denied as to this ground.

### Count IV

Defendants argue that Plaintiffs fail to state a claim in Count IV by incorporating allegations concerning the parties' marks, which is conduct that forms the basis of Count I of the complaint.  Defendants also argue that Plaintiffs repeat

the same allegations regarding Halabi's alleged breach of paragraph 8.  This incorporation is not improper, so the motion is denied as to this ground.

To the extent that Defendants complain that Plaintiffs attempt to insert new obligations into the dissolution agreement, and that "a simple reading of the Dissolution Agreement. . . reveals that these are obligations to which Halabi did not agree[,]" such argument misses the mark.  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *See Am. Int'l Specialty Lines Ins. Co.,* 2009 WL 10671157, at *2.  The motion is denied as to this ground.

### Count V

Defendants argue that Plaintiffs fail to state a claim in Count V because they do not allege sufficient facts that would establish tortious interference with a business relationship.  In Count V, Plaintiffs allege that Defendants tortiously interfered with its business relationships with unnamed "third parties," "prospective customers," "prospective instructors," and "potential trainers."

"As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered."  *Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812, 815 (Fla. 1994).  "[N]o cause of action exists for tortious interference with a business's relationship to the community at large."  *Id.* (citing *Southern All. Corp. v. Winter Haven,* 505 So. 2d 489, 496 (Fla. 2d DCA 1987)).

Plaintiffs generally claim interference with advantageous business relationships with third parties "including without limitation co-working and office spaces, training venues, instructors, online listing platforms (including Google Business profiles), and actual and prospective customers." Then, "by way of example," Plaintiffs attempt to identify a few of these relationships, including "the Fayetteville Instructor," a potential instructor named Daniel Afanador, and a consumer named Sophia Van Gorder whose negative review of CPR Certification, LCL was mistakenly posted to CPR LLC's listing. But Plaintiffs do not allege any identifiable agreements with either past or future parties, customers, instructors, or trainers.

The Court believes that the generalized allegations of interference with co-working and office spaces, training venues, instructors, online listing platforms, and actual and prospective customers are insufficient to state a claim here. Plaintiffs simply do not allege any actual business relationships that could support a tortious interference claim. For instance, there are no allegations reflecting that Sophia Van Gorder was a potential customer of Plaintiffs – just that she was a customer of Defendants and left a bad review on Plaintiff's page due to mistake or confusion. Even as to Daniel Afanador, he is described as a person who encountered Defendants' content and advertising while researching Plaintiffs' business – Plaintiffs do not actually allege any actual business relationship with Afanador, nor do they explain any alleged interference by Defendants with that relationship.

In an abundance of caution, the Court will grant leave to amend, if Plaintiffs may do so in good faith.

***Counts VI through XI***

Defendants argue that Plaintiffs fail to state a claim in Counts VI through XI related to CPR LLC's federal and Florida trademark infringement and unfair competition claims. Specifically, Defendants appear to argue that (1) Joos authorized and consented to use of the logo; (2) CPR Certification owns the federal trademark to the heart in the logo; (3) CPR LLC fails to plead the required elements to state claims; and (4) CPR LLC's claims are barred by the applicable statute of limitations and laches.

"[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *See Am. Int'l Specialty Lines Ins. Co.,* 2009 WL 10671157, at \*2. The issues raised here by Plaintiff concerning authorization or consent, ownership of the trademark to the heart, and the statute of limitations and laches are better addressed on a more developed factual record as they go beyond the legal sufficiency of the complaint. The motion is denied as to these grounds.

As to its argument concerning pleading sufficiency in these counts, the Court concludes that the allegations give fair notice to Defendants of the claims against them. The motion is denied as to this ground. This does not prevent Defendants from raising similar arguments – such as whether the mark is protectable – at a later stage of the proceedings, on a more developed record.

*Count XII*

Defendants argue that Plaintiffs fail to state a claim in Count VII due to (1) the statute of limitations, (2) Joos's express authorization to use the mark; (3) CPR Certification's ownership of the federal trademark to the heart in the logo; and (4) CPR LLC's failure to allege injury to a consumer. The motion is denied as to the first three grounds for the reasons previously discussed.

As to the fourth argument, whether CPR LLC alleges injury to a consumer, it appears that the amended complaint alleges harm to Plaintiff CPR LLC rather than to any consumer. The motion is therefore granted as to this ground, but the Court will grant leave to amend, if Plaintiffs may do so in good faith.

*Count XIII*

Defendants argue that Plaintiffs fail to state a claim in Count XIII for the same reasons previously argued as to other counts, including the incorporation of allegations, the statute of limitations, authorization to use the mark, and more. For the same reasons previously discussed by the Court, the motion is denied as to these grounds.

Defendants also argue that Plaintiffs do not and cannot plead reliance here as part of the misleading advertising claim. "Florida law prohibits any person from making or disseminating or causing to be made or disseminated before the general public of the state of Florida any misleading advertisement." *Akai Custom Guns, LLC v. KKM Precision, Inc.*, 707 F. Supp. 3d 1273, 1286 (S.D. Fla. 2023) (citing § 817.41(1), *F.S.*). Consequently, to assert a claim for misleading advertising under

Florida law, a plaintiff must allege that: "(1) the representor made a misrepresentation of a material fact; (2) the representor knew or should have known of the falsity of the statement; (3) the representor intended that the representation would induce another to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation." *Id*. (citations omitted).

Plaintiffs fail to allege reliance, and their response in opposition does not even address this point. The motion is granted. In an abundance of caution, the Court will grant leave to amend, if Plaintiffs may do so in good faith.

### Count XIV

Defendants argue that Plaintiffs fail to state a claim in Count XIV. The Court agrees that the allegations of this count are insufficient. Plaintiffs fail to allege to whom the alleged defamatory statements were made, when the statements were made, and in most instances, what words were even used. The Court will grant leave to amend, if Plaintiffs may do so in good faith.

### Count XV

Defendants argue that Count XV should be dismissed because trademark cancellation is not an independent cause of action, as 15 U.S.C. § 1119 simply establishes a remedy for trademark infringement. Plaintiffs fail to adequately address this argument in their response in opposition, so the motion is granted. The Court will grant leave to amend, if Plaintiffs may do so in good faith.

## Conclusion

In this case, two separate plaintiffs have brought fifteen different legal claims against two separate defendants concerning what appears to be, if proven, a rather straightforward factual scenario.  It should surprise no one that Defendants responded by filing a motion to dismiss, which has been granted in part as indicated above.  Generally, bringing multiple legal claims against multiple parties concerning the same conduct results in a successful motion to dismiss, as opposed to a defendant answering a complaint and moving a case forward.

When faced with such a scenario, and not wanting a defendant to "win" the point, many plaintiffs "double down" and insist on trying to maintain multiple legal claims against multiple parties concerning the same conduct.  Sometimes, after several rounds of time-consuming motions to dismiss, some plaintiffs are successful in maintaining multiple legal claims against multiple parties concerning the same conduct.  Some plaintiffs may even make it as far as a jury trial where they then are faced with the prospect of drafting extremely long and confusing jury instructions involving multiple legal claims against multiple parties concerning the same conduct.  And perhaps even more daunting, it becomes necessary to craft a verdict form that allows a jury to return a consistent verdict, and correctly award damages, on multiple legal claims against multiple parties concerning the same conduct.  The odds of getting everything right in such a scenario are not great, so an appeal naturally follows.  And sometimes this ineffective process has to start all over again.

Experience has shown that "less is more," and more is not better.

Accordingly, it is

ORDERED, ADJUDGED, and DECREED:

1. "Defendants' Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 29)

   is GRANTED IN PART and DENIED IN PART, as set forth herein.

2. Plaintiffs are directed to file an amended complaint on or before July 13,

   2026.  Failure to do so will result in this Order becoming a final judgment.

DONE and ORDERED in Chambers, in Tampa, Florida, this 29th day of

June, 2026.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE