# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Douglas K. Joos, Jr. and CPR LLC,

     Plaintiffs,

                                            Case No.: 8:25-cv-03368-TPB-AEP

     v.

Sami Halabi and CPR Certification, LLC,

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, Douglas K. Joos, Jr. ("Joos" or "Plaintiff Joos") and CPR LLC ("CPR LLC") (collectively, "Plaintiffs"), by and through the undersigned counsel, files this Second Amended Complaint against Defendants, Sami Halabi ("Halabi" or "Defendant Halabi") and CPR Certification, LLC, ("CPR Certification, LLC"), and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Joos is an individual residing in Hillsborough County, Florida.

2. Plaintiff CPR LLC is a Florida limited liability company with its principal place of business located at 8051 N. TAMIAMI TRAIL SUITE E6 SARASOTA, Florida 34243.

1

3. Defendant Halabi is an individual residing in Hillsborough County, Florida. At all material times, Halabi personally directed, authorized, and/or actively participated in the acts alleged herein and exercised control over CPR Certification, LLC.

4. Defendant CPR Certification, LLC is a Florida limited liability company with its principal place of business located at 401 E. JACKSON STREET, SUITE. 1500 TAMPA, Florida 33602.

5. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., and under statutory and common law unfair competition.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims arising under state laws pursuant to 28 U.S.C. § 1367.

7. This Court has general jurisdiction over the Defendants pursuant to Fla. Stat. § 48.193(2) because the Defendants are engaged in substantial and not isolated activity within the state of Florida. Defendant Halabi resides and conducts business in Hillsborough County, Florida, within this District, and CPR Certification, LLC is a Florida LLC with its principal place of business located in Tampa, Florida, within this District. The Defendants are at home in Florida and subject to general personal jurisdiction in this Court.

8.    This Court furthermore has specific jurisdiction over the Defendants pursuant to Fla. Stat. § 48.193(1)(a):

   a. The causes of action herein arise out of the Defendants' acts of operating, conducting, engaging in, or carrying on a business in Florida, establishing jurisdiction under Fla. Stat. § 48.193(1)(a)1.;

   b. The causes of action herein arise out of the Defendants' tortious acts committed in Florida, establishing jurisdiction under Fla. Stat. § 48.193(1)(a)2.; and

   c. The causes of action herein arise out of the Defendant Halabi's breach of a contract in Florida and Defendants' failure to perform acts required by the contract to be performed in Florida, establishing jurisdiction under Fla. Stat. § 48.193(1)(a)7.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District, a substantial part of the events giving rise to these claims arose in this District, and consumer confusion has occurred and is likely to occur in this District.

10.    The relevant contract furthermore contains a forum selection clause for the courts of record in the State of Florida in Hillsborough County or the United States District Court, Middle District of Florida.

11.    All conditions precedent required for bringing this suit have been complied with, waived, or excused.

3

## FACTUAL BACKGROUND

### Fit Industries and its Dissolution

12.     In 2017, Joos and Halabi formed Fit Industries, LLC to operate CPR training businesses ("Fit" or "the Company").

13.     Fit was in the business of providing classes, seminars, workshops, and other educational services in the fields of health, cardiovascular health, cardiopulmonary resuscitation (CPR), Automated External Defibrillator (AED), first aid, Machine Training, Bloodborne Pathogen, Certified Nursing Assistant (CNA), Emergency Medical Technician (EMT), Phlebotomy, and prevention or reduction of cardiac events, cardiovascular disease, and stroke.

14.     Since its inception, the Company operated under the following logo (the "Logo"), followed by the name of the respective city:



15.     On February 8, 2021, Joos and Halabi entered into a valid and enforceable Partnership Dissolution Agreement dissolving Fit and dividing its assets (the "Dissolution Agreement"). A true and correct copy of the Dissolution Agreement is attached hereto as **Exhibit A**.

16.     The Dissolution Agreement, among other things: (a) assigned the Logo exclusively to Joos; (b) required Halabi to adopt a logo different from the Logo and to alter websites to avoid consumer confusion; (c) contained a

Non-Disparagement Clause; and (d) contained post-dissolution restrictions (collectively, the "Contractual Obligations").

17.    Per the Dissolution Agreement, the Logo became the sole and exclusive property of Plaintiff Joos. Defendant Halabi was allowed to continue to use the words "CPR" and "Certification," and the unique city name in a new logo, but his logo design had to be different from the Logo designed for and operated by Fit.

18.    The Dissolution Agreement provides, in relevant part in Paragraph 7, "The Members agree that the Company's current logo as seen on the websites currently operated by Fit shall become the sole and exclusive property of Joos. Halabi may use the words 'CPR,' 'Certification,' and the unique city name in a new logo." *See* **Exhibit A** at ¶7.

19.    Furthermore, Paragraph 7 prohibits Halabi from incorporating the Logo in his websites following the dissolution: "the design (as used for the websites operated by Halabi, and as used in other documents and materials for the operation of the business, such as Certificates of Completion and business cards) cannot incorporate the logo and must be different than the one currently used by Fit." *Id.*

20.    Furthermore, Paragraph 8 of the Dissolution Agreement requires the following:

> In addition to changing the logo as set forth above (i.e., appearance only and not the words), Halabi agrees to change the hero picture on his websites, and change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" so that a reasonable person viewing websites operated by Halabi will not be confused that the websites are operated by the same company as the ones operated by Fit.

*Id.* at ¶8.

21.    In Paragraph 6, the Dissolution Agreement defines February 22, 2021, as the "Transition Date" when each Member began their own individual separate business operations.  *Id.* at ¶6.

22.    Paragraph 11 of the Dissolution Agreement, titled Non-Disparagement Commitments, provides, in relevant part:

> The Members agree that they **shall not disparage, report, and/or demean one another**, and/or the other's owners, officers, directors, members, instructors, agents, industry governing boards/memberships (e.g., AHA) or employees **in any manner whatsoever**, to include but not limited to **speech, writings, online platforms**, negative SEO, emails, postings to social media, blogs, and websites. **This prohibition includes, but is not limited to, disparaging and/or demeaning comments regarding the other Member and other Member's respective business and/or financial operations**.

*Id.* at ¶11 (emphasis added).

23.    Per SCHEDULE 3 of the Dissolution Agreement, the twenty-two (22) operating Company domain names were divided amongst Joos and Halabi. *See id.* at Schedule 3.

24.    The Dissolution Agreement further contains a Mutual Releases provision, set forth in Paragraph 9; a Representations and Warranties provision, set forth in Paragraph 10, and a Future Disagreements provision with notice and cure opportunities, set forth in Paragraph 12. *Id.* at ¶¶9-10, 12.

**Infringement of CPR LLC's Logo**

25.    Both Joos and Halabi continued in the business of CPR certification courses through their own respective companies after Fit's dissolution, and each of Joos and Halabi's companies are subject to the restrictions set forth in the Dissolution Agreement as set forth therein.

26.    Joos operates CPR LLC, and after execution of the Dissolution Agreement, he assigned his ownership interests in the Logo conveyed to him in that agreement to his company, CPR LLC. CPR LLC operates CPR training programs and maintains business relationships with customers, instructors, and venues nationwide. CPR LLC continues to use the Logo in commerce.

27.    Halabi owns and operates CPR Certification, LLC through its parent company 842 Industries LLC.

28.    Under Halabi's direction and control, CPR Certification, LLC adopted and uses a logo confusingly similar to CPR LLC's Logo, and in fact indistinguishable and not at all different from that Logo, in breach of the Dissolution Agreement:



(Infringing Logo).

29.    Halabi has continued to use the Infringing Logo above, in combination with the relevant city name, a logo which is indistinguishable from the one awarded to Joos under the Dissolution Agreement, in many locations in

major cities throughout the country. Halabi has adopted nearly identical internet domain names to all those cities for which Joos was assigned domain names in the Dissolution Agreement.

30.     Halabi has also used the Infringing Logo, indistinguishable from the one owned by CPR LLC on a variety of printed materials that Defendant Halabi has distributed, including on business cards and completion cards.

31.     Halabi and CPR Certification, LLC are causing persistent and pervasive consumer confusion through the use of the Infringing Logo, a confusingly similar logo, and have compounded that confusion by operating businesses with identical names and in similar or the same locations all under the Infringing Logo, which is indistinguishable from CPR LLC's Logo.

32.     Potential and actual consumers, clients, and business partners alike have confused Defendant Halabi's business, CPR Certification, LLC, with Plaintiff Joos's business, CPR LLC.

33.     On March 17, 2022, counsel for Plaintiff Joos sent a Demand Letter to Defendant Halabi to cease and desist improper use of the Logo, to cease and desist use of the Infringing Logo, and interfering with Plaintiff Joos's business.

## The TTAB Proceeding

34.     On September 8, 2021, Joos, through CPR LLC, submitted a Trademark/Service Mark Application (Serial Number: 97016512) to the United States Patent and Trademark Office ("USPTO") for the Logo, as a literal element and design mark:



35.     On May 9, 2022, a Notice of Opposition was filed by Halabi, through CPR Certification, LLC, with the USPTO whereby Halabi claimed Joos was neither is nor was the rightful owner of the design mark.

36.     On February 25, 2025, the TTAB dismissed the Opposition. CPR Certification, LLC then filed a Motion for Reconsideration on March 25, 2025, which the TTAB denied on June 4, 2025.

37.     On August 6, 2025, CPR Certification, LLC filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. On November 21, 2025, CPR Certification, LLC filed its Appellate Brief.

38.     In filing the TTAB Opposition, the Motion for Reconsideration, the Notice of Appeal, and the Appellate Brief, Halabi undertook legal proceedings directly contradicting the Dissolution Agreement. These filings disputed Joos's ownership rights expressly assigned under Paragraph 7, revived issues released under Paragraph 9, disparaged Joos's rights and goodwill in violation of

9

Paragraph 11, were undertaken with the intent and effect of harming Joos's business in violation of Paragraph 10, and were initiated without providing the 15-day written notice required under Paragraph 12.

**Breach of Non-Disparagement Commitments and Business Interference**

39.     During the pendency of the opposition proceedings before the USPTO, Joos learned of a number of breaches of the Dissolution Agreement by Halabi, including breaches of the Non-Disparagement Clause.

40.     A former employee of Halabi's who worked for CPR Certification, LLC's parent company 842 Industries, LLC, testified in a deposition that Halabi has been disparaging Joos and his businesses and making threats against Joos in front of Halabi's employees, and using employees to disparage Joos's businesses.

41.     Halabi made violent sexual comments about and threats against Joos in meetings with his own employees, including specific violent comments that Halabi "wanted to f— Doug in the a– until he bled" and that Halabi "wanted [Doug] to choke on his cock until he dies."

42.     Halabi portrayed Plaintiff Joos as a villain to his staff, disparaged his businesses including CPR LLC, reported Joos's Google business profiles for CPR LLC locations, made complaints on CPR LLC's business listings, and specifically instructed overseas employees in the Philippines to leave false reviews on CPR LLC's listings.

43. Halabi also disparaged Joos and CPR LLC in communications with instructors, including by calling Joos a "fraud." Halabi has also made attempts to have Joos's business listings for CPR LLC locations on Google flagged or taken down, including by posting photos to CPR LLC training locations. For example, on October 6, 2023, Defendant Halabi posted a photo on Google to the CPR LLC Chesapeake training location in an attempt to get it taken down.

44. Halabi, individually and through CPR Certification, LLC, has contacted co-working office spaces, such as Yes Working in Louisville, Kentucky, establishing duplicate business profiles using the same business name as CPR LLC and the confusingly similar logo at the exact same physical location as CPR LLC.

45. These actions have caused CPR LLC to lose office space lease agreements with co-working spaces, have caused fractures in the business and contractual relationships with co-working spaces and existing as well as potential training venues, and caused CPR LLC Google business profiles to be flagged and taken down off Google. CPR LLC's loss of Google business profiles, offices, and training spaces has led to the loss of actual and prospective customers.

46. Furthermore, Halabi, individually and through CPR Certification, LLC, has contacted existing and potential trainers, to whom Halabi made false statements about Joos, including without limitation about his business reputation and his character, and about CPR LLC, including without limitation about its

training methods. These false statements have resulted in confrontation from potential trainers accusing Joos and CPR LLC of fraud, and loss of business and contractual relationships with existing and potential trainers.

### Consumer Confusion and False Advertising

47. Halabi and CPR Certification, LLC have: (a) adopted and used branding and the Infringing Logo, confusingly similar to CPR LLC's Logo; (b) created or caused to be created duplicate Google business listings that divert or confuse consumers on a daily basis; (c) initiated, maintained, and escalated opposition proceedings against CPR LLC's trademark application before the USPTO's TTAB and on appeal; and (d) published commercial advertisements including "Infant CPR Classes" as further described below.

48. CPR Certification, LLC advertises standard AHA Basic Life Support classes as "Infant CPR Classes," when those offerings are not specialized infant-focused courses.

49. Consumers have been misled by the "Infant CPR" advertising and posted negative reviews stating they expected specialized infant training but received only a generic course.

50. CPR Certification, LLC also uses a heavily edited and shortened version of the American Heart Association's Basic Life Support training videos in order to condense classes, which instructors and other trainers have raised concerns about within the CPR training community.

51.     Because CPR Certification, LLC uses the Infringing Logo and branding confusingly similar to the CPR LLC Logo, negative consumer reviews and confusion have been misattributed to Joos's businesses and cause substantial harm to CPR LLC.

## Ongoing Irreparable Harm and Damages to Plaintiffs

52.     As a direct result of Halabi's individual conduct alleged herein, including breach of the Dissolution Agreement, disparagement, and business interference, Plaintiffs have suffered irreparable harm as well as damages including, without limitation, reputational injury, loss of customers, lost profits, and other consequential damages.

53.     As a direct result of CPR Certification, LLC's infringing and deceptive advertising conduct, and Halabi's personal direction and participation in that conduct, CPR LLC has suffered irreparable harm as well as damages including, without limitation, diversion of sales, loss of goodwill, loss of control over its reputation and the Logo, corrective advertising costs, and other consequential damages.

54.     Because of the nature of Defendants' actions and the resulting harm, injunctive relief is necessary as Plaintiffs have suffered and will continue to suffer irreparable harm. Defendants have interfered with Plaintiffs' ongoing business relationships, prevented Plaintiffs from continuing ongoing business relationships, caused significant and widespread ongoing consumer confusion

resulting in reputational damage and harm to Plaintiffs, and Defendants have profited from the misuse of CPR LLC's intellectual property.

55.    Plaintiffs have no adequate remedy at law to prevent the Defendants from continuing in this manner.

56.    If the Defendants are not enjoined, Plaintiff Joos will continue to be denied his rights under the Dissolution Agreement and Defendants will continue to harm the goodwill of Plaintiffs' businesses and relationships, causing further irreparable harm.

57.    Plaintiffs have a substantial likelihood of success on the merits of their claims as not only is it clear that the Logo is the exclusive property of Plaintiff Joos, validly assigned to CPR LLC, but the Defendants' wrongful actions are in clear violation of the Dissolution Agreement and furthermore are infringing on CPR LLC's Logo. This conduct should be restrained by this Court without delay.

58.    Injunctive relief, moreover, is no broader than reasonably necessary to remedy Defendants' unlawful and unconscionable conduct.

59.    Finally, equitable and injunctive relief is in the public interest, as it would only serve to put the general public and Defendants on notice that a party in breach of freely bargained for contractual duties shall not stand to benefit from such wrongdoing. Furthermore, equitable and injunctive relief is in the public interest as it would prevent continued consumer confusion.

## State Court Litigation

60.     On July 10, 2023, Plaintiff Joos brought a state court action against Defendant Halabi in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 23-CA-013691, Division L, for breach of contract, tortious interference, and seeking injunctive relief, related to Defendant Halabi's use of the Infringing Logo and extensive interference with Plaintiff Joos's businesses.

61.     Plaintiff Joos initially moved for temporary injunctive relief on August 11, 2023, which was later amended on November 2, 2023.

62.     After a two-hour evidentiary hearing held on December 20, 2023, the state court ruled that injunctive relief with respect to the Logo would be granted upon an evidentiary hearing on the amount of bond to be posted.

63.     The state court made the requisite findings at the evidentiary hearing that Joos had suffered and would continue to suffer irreparable harm absent injunctive relief regarding Halabi's use of the Infringing Logo; possessed no adequate remedy at law for the consumer confusion and resulting damage to Joos's business relationships caused by Halabi's alleged breach of the Dissolution Agreement and use of a confusingly similar logo; established a substantial likelihood of success on the merits of his breach of contract and tortious interference claims due to Halabi's use of a confusingly similar logo, as the state court heard credible testimony regarding instances of consumer confusion

witnessed in the marketplace, and Halabi's actions in connection with his use of a confusingly similar logo, and the state court also examined demonstratives of the CPR LLC Logo and the Halabi's Infringing Logo and found them to be nearly identical, that is including nearly identical in color, orientation, and font; and public interest would be served by enjoining Halabi's use of the Infringing Logo which causes consumer confusion.

64.    An evidentiary hearing on the amount of bond to be posted for the injunction was held on March 27, 2024.

65.    However, due to a number of motions filed by Defendant Halabi before and after the injunction hearings, including a motion to dismiss, and motion to stay pending the outcome of the TTAB opposition, and motions for rehearing, reconsideration, and clarification related to the state court's injunction rulings and rulings on motion to dismiss, the state court never issued a written opinion on its order granting injunctive relief. As such, to this day, Joos has been deprived of injunctive relief from Halabi's breaches of the Dissolution Agreement.

66.    Because the TTAB dismissed CPR Certification, LLC's opposition to CPR LLC's federal trademark application for registration of the Logo, Joos voluntarily dismissed the state court case against Halabi without prejudice on December 2, 2025.

**Status of CPR LLC's Trademark Registration**

67.    CPR LLC is the owner of the U.S. Trademark Application Serial No. 97016512 for the Logo as identified above (the "Pending Mark"), for education services, namely, providing live and on-line classes, courses, workshops, seminars and conferences in the field of cardiopulmonary resuscitation, Automated External Defibrillator (AED), first aid, Machine Training, Bloodborne Pathogen, Certified Nursing Assistant (CNA), Emergency Medical Technician (EMT), and PHLEBOTOMY; Educational services, namely, conducting classes, courses, workshops, seminars and conferences in the field of cardiopulmonary resuscitation, Automated External Defibrillator (AED), first aid, Machine Training, Bloodborne Pathogen, Certified Nursing Assistant (CNA), Emergency Medical Technician (EMT), and PHLEBOTOMY in International Classification 041 ("Services").

68.    CPR LLC has used the Logo/Pending Mark continuously in interstate commerce in connection with CPR training and related services across the United States since February 2021, continuing the Logo's prior, uninterrupted use in commerce by Fit from its inception in 2017, including through online advertising, websites, and social-media channels that reach and serve customers nationwide.

17

69.     As explained above, on February 25, 2025, the TTAB issued a final decision in Opposition No. 91276058, dismissing the Opposer's (Defendant CPR Certification, LLC herein) opposition in its entirety.

70.     CPR Certification, LLC has not registered, nor applied to register, the Infringing Logo actually used in commerce in connection with its CPR training services. Such use has included the offering, advertising, and sale of CPR training services to customers and the provision of training services nationwide.

71.     CPR Certification, LLC appealed the TTAB's decision to the Federal Circuit (Fed. Cir. Case No. 2025-2004), which remains pending.

72.     Upon the final resolution of the appeal and the subsequent issuance of the registration certificate by the USPTO, Plaintiff intends to supplement this Complaint pursuant to Fed. R. Civ. P. 15(d) to assert claims for infringement of a registered mark under 15 U.S.C. § 1114.

## Ongoing and Continuing Misconduct

73.     Defendants' wrongful conduct alleged herein is ongoing. Defendants continue to use and promote the Infringing Logo and/or the Logo in connection with CPR training services in interstate commerce, including through online channels accessible nationwide.

74.     Defendants' ongoing use of the Infringing Logo and/or the Logo continues to cause marketplace confusion and misattribution of customer inquiries, reviews, and reputation-related harm to CPR LLC, and continues to

interfere with CPR LLC's relationships with customers, instructors, and venue partners.

75.    Defendants' disparagement described herein is ongoing, including continued efforts to disrupt or impair CPR LLC's online business profiles and business relationships and dissemination of false and disparaging statements about Plaintiffs and their businesses.

### Defendant CPR Certification, LLC's Trademark Registration

76.    Defendant CPR Certification, LLC is the owner of United States Trademark Registration No. 7,831,024 (the "'024 Registration"), issued on June 17, 2025, on the Principal Register for the below design mark consisting of a fanciful heart with a sinusoidal wave appearing horizontally therein:



(the "Heart Mark").

77.    CPR Certification, LLC incorporates the Heart Mark into the Infringing Logo as material element thereof.

78.    Plaintiff CPR LLC has priority of use in its Logo and the heart-and-wave design element embodied in the Heart Mark, which predates Defendant CPR Certification, LLC's first use of the Heart Mark either alone or as incorporated in the Infringing Logo.

19

79.     The Heart Mark so resembles CPR LLC's previously used mark, and the design element therein, as alleged above, that Defendant CPR Certification, LLC's continued registration and use of the Heart Mark has already caused and is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of the parties' respective goods and services, within the meaning of 15 U.S.C. § 1052(d).

80.     Furthermore, at the time of filing its underlying application, CPR Certification, LLC was not the lawful owner of the mark and/or was not entitled to register the mark because it did not have superior rights to the design in commerce.

81.     This assertion is confirmed by the fact that the Heart Mark is, on information and belief, an unedited free icon obtained from Freepik, obtained from either of the following URLs:

   a. https://www.freepik.com/free-vector/illustration-medical-icon_2606900.htm#from_view=detail_alsolike; or

   b. https://www.freepik.com/premium-vector/vector-illustration-heart-rate-heart-rate-icons_24782698.htm#from_view=detail_alsolike;

and registered in violation of Freepik's Terms of Service.

82.     CPR LLC has been and will continue to be damaged by the continued registration of the '024 Registration, including because that registration: (a) affords Defendant CPR Certification, LLC a presumption of

nationwide, exclusive rights in the Heart Mark; (b) has been, and may continue to be, used by Defendants to threaten, deter, or interfere with Plaintiff CPR LLC's use of its own Logo and its business; and (c) clouds Plaintiff CPR LLC's rights in its Logo and impairs its ability to enforce those rights.

83.     Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark, this Court has authority to determine the right to registration and to order the cancellation of a registration, in whole or in part, when warranted.

84.     This action involves the '024 Registration within the meaning of 15 U.S.C. § 1119 because CPR Certification, LLC relies upon and uses the Heart Mark, incorporated in the Infringing Logo and a material element thereof, in commerce in connection with the acts of infringement, unfair competition, false designation of origin, and related misconduct alleged herein.

## COUNT I – BREACH OF CONTRACT
### (Joos against Halabi)

85.     Plaintiff Joos hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–38, 47, 51–66, and 73–74 above as though fully set forth herein.

86.     Joos and Halabi are parties to the Dissolution Agreement.

87.     Halabi breached Paragraph 7 (Ownership of Company Logo) by continuing to use logos that were not "different" from the Logo and by adopting confusingly similar branding. *See* **Exhibit A** at ¶7.

88. Halabi breached the Dissolution Agreement's website and anti-confusion obligations by failing to implement required changes in order to avoid confusion of a reasonable person viewing Defendant Halabi's websites pursuant to Paragraph 8, thereby fostering consumer confusion between the parties' businesses.

89. Defendant Halabi's breaches, as set forth above, constitute material breaches of the Dissolution Agreement.

90. As a direct result of Halabi's breaches, Joos has suffered irreparable harm including without limitation loss of control over business identity, confusion among potential customers, harm to business operations and professional reputation, and loss of business opportunities, for which there is no adequate remedy at law.

91. As a direct result of Halabi's breaches, Joos has further suffered financial and consequential damages, including without limitation substantial legal fees and costs.

92. Joos is entitled to recover attorneys' fees and costs pursuant to Paragraph 23 (Enforcement Costs) of the Dissolution Agreement. *See* **Exhibit A** at ¶23.

**WHEREFORE**, Plaintiff Douglas K. Joos, Jr. requests that this Court enter judgment against Defendant Sami Halabi for breach of contract, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi from continued breach of the Dissolution Agreement through the use of a logo nearly identical to and confusingly similar to the Logo awarded to Plaintiff Joos in the Dissolution Agreement;

B. An award of all applicable damages under law, including without limitation actual damages, compensatory damages, and consequential damages;

C. An award of attorneys' fees and costs pursuant to the Dissolution Agreement; and

D. Such other relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT
**(Joos against Halabi)**

93. Plaintiff Joos hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–21, 25–33, 52–59, and 73–74 above as though fully set forth herein.

94. Joos and Halabi are parties to the Dissolution Agreement.

95. Halabi breached Paragraph 7 (Ownership of Company Logo) because Paragraph 7 provides that the Company's current logo "shall become the sole and exclusive property of Joos," and further provides that Halabi's design used for websites and other business materials "cannot incorporate the logo."

96.    Despite these obligations, Halabi continued to use Plaintiff's exact Logo (not merely a similar design), including by displaying the Logo on CPR Certification, LLC YouTube channels and videos—such as videos on CPR Certification, LLC's "CPR Certification Houston" YouTube Channel and videos and the profile image for the "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**. This use constitutes use of the very logo that Paragraph 7 assigns exclusively to Joos and prohibits Halabi from incorporating, and therefore constitutes a material breach of the Dissolution Agreement's plain terms.

97.    As a direct result of Halabi's breaches, Joos has suffered irreparable harm including without limitation loss of control over business identity, confusion among potential customers, harm to business operations and professional reputation, and loss of business opportunities, for which there is no adequate remedy at law.

98.    As a direct result of Halabi's breaches, Joos has further suffered financial and consequential damages, including without limitation substantial legal fees and costs.

99.    Joos is entitled to recover attorneys' fees and costs pursuant to Paragraph 23 (Enforcement Costs) of the Dissolution Agreement. *See* **Exhibit A** at ¶23.

24

**WHEREFORE**, Plaintiff Douglas K. Joos, Jr. requests that this Court enter judgment against Defendant Sami Halabi for breach of contract, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi from continued breach of the Dissolution Agreement through the use of a logo identical to the Logo awarded to Plaintiff Joos in the Dissolution Agreement;

B. An award of all applicable damages under law, including without limitation actual damages, compensatory damages, and consequential damages;

C. An award of attorneys' fees and costs pursuant to the Dissolution Agreement; and

D. Such other relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
### (NON-DISPARAGEMENT)
### (Joos against Halabi)

100.   Plaintiff Joos hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–16, 22, 34–46, 52–66, and 74–75 above as though fully set forth herein.

101.   Joos and Halabi are parties to the Dissolution Agreement.

102. Halabi breached Paragraph 11 (Non-Disparagement Commitments) of the Dissolution Agreement, including by making violent and disparaging statements about Joos and his businesses, and by directing others, including employees and contractors, to publish false negative reviews targeting Joos's businesses. *See* **Exhibit A** at ¶11.

103. Defendant Halabi's breaches, as set forth above, constitute material breaches of the Dissolution Agreement.

104. As a direct result of Halabi's breaches, Joos has suffered irreparable harm including without limitation reputational harm, loss of professional relationships, diminished public perception, loss of clients, and emotional distress, for which there is no adequate remedy at law.

105. As a direct result of Halabi's breaches, Joos has further suffered financial and consequential damages.

106. Joos is entitled to recover attorneys' fees and costs pursuant to Paragraph 23 (Enforcement Costs) of the Dissolution Agreement. *See* **Exhibit A** at ¶23.

**WHEREFORE**, Douglas K. Joos, Jr. requests that this Court enter judgment against Defendant Sami Halabi for breach of contract, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi

from continued breach of the non-disparagement clause of the Dissolution Agreement;

B. An award of all applicable damages under law, including without limitation actual damages, compensatory damages, and consequential damages;

C. An award of attorneys' fees and costs pursuant to the Dissolution Agreement; and

D. Such other relief as the Court deems just and proper.

<u>**COUNT IV – BREAK OF CONTRACT**</u>
<u>**(POST-DISSOLUTION RESTRICTIVE COVENANT/CONFUSION)**</u>
**(Joos against Halabi)**

107.    Plaintiff Joos hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–38, 47–66, and 73–75 above as though fully set forth herein.

108.    Joos and Halabi are parties to the Dissolution Agreement.

109.    Halabi breached Paragraphs 5 and 8 of the Dissolution Agreement by engaging in prohibited competitive activities, including without limitation creating duplicate business listings, causing consumer confusion through failure to make necessary changes to online content, and otherwise operating in ways that caused consumer confusion in geographic markets assigned to Joos. *See* **Exhibit A** at ¶¶5, 8.

27

110.   Defendant Halabi's breaches, as set forth above, constitute material breaches of the Dissolution Agreement.

111.   As a direct result of Halabi's breaches, Joos has suffered irreparable harm including without limitation loss of business opportunities, lost goodwill, and reputational harm, for which there is no adequate remedy at law.

112.   As a direct result of Halabi's breaches, Joos has further suffered economic damages.

113.   Joos is entitled to recover attorneys' fees and costs pursuant to Paragraph 23 (Enforcement Costs) of the Dissolution Agreement. *See* **Exhibit A** at ¶23.

**WHEREFORE**, Plaintiff Douglas K. Joos, Jr. requests that this Court enter judgment against Defendant Sami Halabi for breach of contract, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi from continued breach of the Dissolution Agreement through the use of a logo nearly identical to and confusingly similar to the Logo awarded to Plaintiff Joos in the Dissolution Agreement;

B. An award of all applicable damages under law, including without limitation actual damages, compensatory damages, and consequential damages;

C. An award of attorneys' fees and costs pursuant to the Dissolution Agreement; and

D. Such other relief as the Court deems just and proper.

## COUNT V – FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1125(a)(1)(A)
### (CPR LLC against Defendants)

114. Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 23, 25–38, 47–55, 67–74, and 76–83 above as though fully set forth herein.

115. CPR LLC owns valid and enforceable rights in its Logo through continuous and exclusive use in commerce in connection with CPR training services. The Logo functions as a source identifier for CPR LLC's CPR training services, is distinctive (at minimum through acquired distinctiveness), and is recognized by consumers as identifying CPR LLC as the source of the services.

116. Defendants CPR Certification, LLC and Halabi have used in commerce, without authorization, marks and branding that are confusingly similar to CPR LLC's Logo in connection with identical services. Any limited permission for Defendants to use the words "CPR," "Certification," and a city name, under the Dissolution Agreement, did not authorize Defendants to use the Logo assigned to CPR LLC or any logo indistinguishable from it. Defendants' use of the Logo and the Infringing Logo exceeded any permissible scope and was unauthorized.

29

117. Separately and independently, Defendants CPR Certification, LLC and Halabi have used in commerce, without authorization, a mark that is identical to CPR LLC's Logo in connection with identical CPR training services, including by displaying CPR LLC's Logo on Defendants' YouTube channels and videos. By way of example, Defendants used CPR LLC's Logo in videos on CPR Certification, LLC's "CPR Certification Houston" YouTube Channel, and in videos and as the profile image for its "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**.

118. Defendant Halabi personally directed, authorized, and controlled the infringing conduct, and is therefore jointly and severally liable both as a direct infringer and under principles of contributory infringement and vicarious liability.

119. Defendants' unauthorized use of confusingly similar branding as well as an identical logo is likely to cause, and has caused, consumer confusion, mistake, and deception as to the source, sponsorship, or affiliation of the parties' respective services. Defendants offer identical services to the same class of consumers through the same online channels of trade, and Defendants' use of the Logo and Infringing Logo is identical or nearly identical in appearance, making confusion as to source, sponsorship, affiliation, or approval highly likely.

120. As a direct and proximate result of Defendants' infringement, CPR LLC has suffered irreparable harm and damages including loss of goodwill,

diversion of sales, harm to brand integrity and reputation, and other commercial and economic injuries, for which there is no adequate remedy at law.

121.    Defendants' use of an identical mark in the same channel of trade for identical services is inherently likely to cause confusion as to source, sponsorship, affiliation, or approval, and has in fact caused such confusion as alleged above.

122.    CPR LLC is entitled to recover from Defendants the actual damages it has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.

123.    Defendants' infringement has been intentional and willful. Defendants' bad faith is evidenced, in part, by the continued pursuit of a frivolous trademark opposition proceeding against a Logo that Defendants have admitted was granted to Plaintiff Joos through the Dissolution Agreement, admitted use of the Logo in connection with the creation of Defendants' new and confusingly similar logo despite Defendant Halabi's obligations under the Dissolution Agreement, Defendants' identical names, locations, and branding used in conjunction with not only the confusingly similar logo but also continued use of an identical logo, and the extensive nature of the infringement including the infringing conduct alleged in ¶¶116–119.

124.    Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would

31

result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

125.    Defendants committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

126.    CPR LLC is entitled to an award of attorneys' fees and costs in exceptional cases pursuant to 15 U.S.C. § 1117(a).

127.    CPR LLC is further entitled to an Order, pursuant to 15 U.S.C. § 1119, directing the Director of the United States Patent and Trademark Office to cancel Defendant CPR Certification, LLC's registration of the Heart Mark, U.S. Registration No. 7,831,024, because Defendant CPR Certification, LLC's continued registration and use of the Heart Mark perpetuates the confusion alleged above.

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendants, Sami Halabi and CPR Certification, LLC, for federal trademark infringement under 15 U.S.C. § 1125(a), and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from continued use of logos identical and/or nearly identical to and confusingly similar to CPR LLC's Logo and from use of any mark substantially

indistinguishable from CPR LLC's Logo and/or confusingly similar marks, including without limitation the Heart Mark;

B.  An award of CPR LLC's monetary damages in an amount to be fixed by the Court in its discretion, including without limitation all profits received by Defendants from sales and revenues of any kind made as a result of their unlawful actions, and all damages sustained by CPR LLC as a result of Defendants' actions, this amount to be trebled pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringement;

C.  An Order directing the United States Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, to cancel U.S. Registration No. 7,831,024 in its entirety;

D.  An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringement;

E.  An order that Defendants account to CPR LLC for any and all profits earned as a result of Defendants' infringement;

F.  Disgorgement of Defendants' profits; and

G.  Such other relief as the Court deems just and proper.

33

## COUNT VI – FEDERAL FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)(1)(A)
**(CPR LLC against Defendants)**

128.   Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 23, 25–38, 47–55, 67–74, and 76–83 above as though fully set forth herein.

129.   Defendants CPR Certification, LLC and Halabi have used marks, trade dress, and branding that are confusingly similar to CPR LLC's Logo, without authorization, in connection with CPR training services, creating a false designation of origin and engaging in unfair competition in violation of § 43(a) of the Lanham Act. Any limited permission for Defendants to use the words "CPR," "Certification," and a city name, under the Dissolution Agreement, did not authorize Defendants to use the Logo assigned to CPR LLC or any logo indistinguishable from it. Defendants' use of the Logo and the Infringing Logo exceeded any permissible scope and was unauthorized.

130.   Separately and independently, Defendants have used a mark identical to CPR LLC's Logo in connection with CPR training services, including use on Defendants' YouTube channels and videos, thereby falsely designating the origin of Defendants' services as being associated with CPR LLC.

131.   Defendants' identical use includes use of CPR LLC's Logo in videos on CPR Certification, LLC's "CPR Certification Houston" YouTube Channel and

34

in videos and as the profile image for the "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**.

132. The false designation is particularly likely because the parties offer identical services through the same online channels to the same class of consumers, and Defendants' use of the Logo and Infringing Logo is identical or nearly identical in appearance.

133. Defendant Halabi personally authorized, directed, and controlled such infringing and deceptive use, and is therefore jointly liable for the violations.

134. As a direct and proximate result of Defendants' conduct, CPR LLC has suffered irreparable harm including diversion of customers, loss of goodwill, diminished brand reputation, confusion in the marketplace, and other economic and equitable injuries, for which there is no adequate remedy at law.

135. Defendants' misconduct has been intentional and willful. Defendants' bad faith is evidenced, in part, by the continued pursuit of a frivolous trademark opposition proceeding against the Logo, which Defendants have admitted was granted to Plaintiff Joos through the Dissolution Agreement, admitted use of the Logo in connection with the creation of Defendants' new and confusingly similar logo despite Defendant Halabi's obligations under the Dissolution Agreement, Defendants' identical names, locations, and branding used in conjunction with not only the confusingly similar logo but also continued

35

use of an identical logo, and the extensive nature of the infringement including the conduct alleged in ¶¶129–132.

136. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

137. Defendants committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

138. CPR LLC is entitled to attorneys' fees and costs in exceptional cases under 15 U.S.C. § 1117(a).

139. CPR LLC is further entitled to an Order, pursuant to 15 U.S.C. § 1119, directing the Director of the United States Patent and Trademark Office to cancel Defendant CPR Certification, LLC's registration of the Heart Mark, U.S. Registration No. 7,831,024, because Defendant CPR Certification, LLC's continued registration and use of the Heart Mark perpetuates the confusion alleged above.

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendants, Sami Halabi and CPR Certification, LLC, for false designation of origin under 15 U.S.C. § 1125(a), and further order as follows:

36

A. A preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from continued use of logos identical and/or nearly identical to and confusingly similar to CPR LLC's Logo and from use of any mark substantially indistinguishable from CPR LLC's Logo and/or confusingly similar marks, including without limitation the Heart Mark;

B. An award of CPR LLC's monetary damages in an amount to be fixed by the Court in its discretion, including without limitation all profits received by Defendants from sales and revenues of any kind made as a result of their unlawful actions, and all damages sustained by CPR LLC as a result of Defendants' actions, this amount to be trebled pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful misconduct;

C. An Order directing the United States Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, to cancel U.S. Registration No. 7,831,024 in its entirety;

D. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful misconduct;

E. An order that Defendants account to CPR LLC for any and all profits earned as a result of Defendants' infringement;

F.  Disgorgement of Defendants' profits; and

G.  Such other relief as the Court deems just and proper.

## COUNT VII – FEDERAL FALSE ADVERTISING
## 15 U.S.C. § 1125(a)(1)(B)
### (CPR LLC against Defendants)

140.    Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 25–33, and 47–59 above as though fully set forth herein.

141.    Defendants CPR Certification, LLC and Halabi made false and misleading statements of fact in commercial advertising, including but not limited to, marketing standard AHA BLS classes as "Infant CPR Classes" when no such specialized instruction was provided.

142.    Reasonable consumers relied on these representations in selecting a CPR provider and, when the representation proved false or misleading, complained and posted negative reviews reflecting deception and harm to CPR LLC's goodwill.

143.    Defendant Halabi personally directed and controlled the creation and dissemination of this false advertising.

144.    These statements were material to consumers' purchasing decisions and actually deceived, or had the tendency to deceive, a substantial segment of the target audience.

145.    Defendants' advertising was distributed in interstate commerce and proximately caused harm to CPR LLC, including diversion of sales, loss of customer trust, harm to business reputation, and diminished goodwill, for which there is no adequate remedy at law, as well as economic damages.

146.    Defendants' misconduct has been intentional and willful. Defendants' bad faith is evidenced, in part, by the persistent, pervasive, and extensive nature of the false advertising described herein as alleged in ¶¶141–144.

147.    Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

148.    Defendants committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

149.    Defendants' false and misleading advertising described herein is ongoing, including continued promotion of CPR Certification, LLC's offerings in a manner that misrepresents the nature and quality of services provided.

150.    CPR LLC is entitled to attorneys' fees and costs in exceptional cases under 15 U.S.C. § 1117(a).

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendants, CPR Certification, LLC and Sami Halabi, for false advertising under 15 U.S.C. § 1125(a)(1)(B), and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by Defendants, in particular making claims that CPR Certification, LLC standard AHA BLS classes are "Infant CPR Classes" when no such specialized instruction was provided, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media, and websites;

B. A preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert and participation with them from engaging in any other activity constituting unfair competition with CPR LLC;

C. A finding that Defendants have disseminated false and/or misleading representations of fact in commercial advertising or promotion in violation of 15 U.S.C. § 1125(a)(1)(B);

40

D. Deletion of all distributed false advertising, and require Defendants to issue notices (written or otherwise) to that effect to all current distributors and retailers of its products and all distributors with whom Defendants have done business in the past twelve months;

E. That Defendants file with the Court and serve on Plaintiff CPR LLC within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

F. That Defendants disseminate corrective advertising at Defendants' expense that informs consumers, the trade, and the public at large of Defendants' unlawful conduct as complained of herein and of the judgment requiring Defendants to cease such unlawful conduct, and/or order Defendants to pay Plaintiff CPR LLC's costs in producing and disseminating such corrective advertising;

G. An award of CPR LLC's monetary damages in an amount to be fixed by the Court in its discretion, including without limitation all profits received by Defendants from sales and revenues of any kind made as a result of their unlawful actions, and all damages sustained by CPR LLC as a result of Defendants' actions, this amount to be trebled pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful false advertising;

H. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate and willful false advertising; and

I.  Such other relief as the Court deems just and proper.

<u>**COUNT VIII – CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT**</u>
**(CPR LLC against Halabi)**

151.    Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 23, 25–38, and 44–74 above as though fully set forth herein.

152.    With actual knowledge of ongoing trademark infringement, Defendant Halabi intentionally induced, authorized, and/or materially contributed to the infringing acts of CPR Certification, LLC and its employees or contractors, including by directing the use of marks and branding confusingly similar to CPR LLC's Logo.

153.    Halabi further directed the use of a mark identical to CPR LLC's Logo.

154.    Defendant Halabi intentionally induced, authorized, and/or materially contributed to the continued use of CPR LLC's Logo on various CPR Certification, LLC YouTube channels and videos, including in videos on its "CPR Certification Houston" YouTube Channel, and videos as well as the profile image for its "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**.

155. Halabi had actual knowledge of CPR Certification, LLC's infringing use and intentionally induced and directed that use by controlling CPR Certification, LLC's branding decisions, marketing, online channels, and continued publication of the Logo and Infringing Logo.

156. Halabi's actions substantially assisted and encouraged the continuation of infringing conduct and resulting consumer confusion, rendering him liable for contributory trademark infringement under the Lanham Act.

157. As a direct and proximate result, CPR LLC has suffered irreparable harm and damages including loss of goodwill, diversion of sales, reputational harm, and other commercial injuries, for which there is no adequate remedy at law.

158. Defendant Halabi's contributory infringement has been intentional and willful. His bad faith is evidenced, in part, by the continued pursuit of a frivolous trademark opposition proceeding against a Logo that he has admitted was granted to Plaintiff Joos through the Dissolution Agreement, admitted use of the Logo in connection with the creation of Defendants' new and confusingly similar logo despite Defendant Halabi's obligations under the Dissolution Agreement, identical names, locations, and branding used in conjunction with not only the confusingly similar logo but also continued use of an identical logo, and the extensive nature of the infringement to which he has contributed as alleged in ¶¶152–156.

159.    Defendant Halabi had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

160.    Defendant Halabi committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

161.    CPR LLC is entitled to attorneys' fees and costs in exceptional cases under 15 U.S.C. § 1117(a).

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendant Sami Halabi for contributory trademark infringement under 15 U.S.C. § 1125(a), and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi from continued use of logos identical and/or nearly identical to and confusingly similar to CPR LLC's Logo and from use of any mark substantially indistinguishable from CPR LLC's Logo and/or confusingly similar marks;

B. An award of CPR LLC's monetary damages in an amount to be fixed by the Court in its discretion, including without limitation all profits received by Defendant Halabi from sales and revenues of any kind made as a result

of his unlawful actions, and all damages sustained by CPR LLC as a result of Defendant Halabi's actions, this amount to be trebled pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendant Halabi's deliberate and willful misconduct;

C. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendant Halabi's deliberate and willful misconduct;

D. An order that Defendant Halabi account to CPR LLC for any and all profits earned as a result of Defendant Halabi's contributory infringement;

E. Disgorgement of Defendant Halabi's profits; and

F. Such other relief as the Court deems just and proper.

### COUNT IX – FLORIDA COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
**(CPR LLC against Defendants)**

162. Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 23, 25–38, 47–66, 67–70, and 73–74 above as though fully set forth herein.

163. Plaintiff CPR LLC owns common-law rights in its Logo in the State of Florida through prior and continuous use in connection with its CPR training services. Through such use, CPR LLC enjoys exclusive common law rights in its Logo.

164. The Logo functions as a source identifier for CPR LLC's CPR training services in Florida, is distinctive (at minimum through acquired distinctiveness), and is recognized by consumers as identifying CPR LLC as the source of the services.

165. Defendants, CPR Certification, LLC and Halabi, without authorization and with knowledge and intentional disregard of CPR LLC's rights to CPR LLC's Logo, used marks and branding confusingly similar to the Logo as well as a mark identical to the Logo in commerce.

166. Defendants are using CPR LLC's Logo on various YouTube channels and videos, including in videos on CPR Certification, LLC's "CPR Certification Houston" YouTube Channel, and videos as well as the profile image for its "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**.

167. Defendants' actions have caused, continue to cause, and are likely to cause consumer confusion as to the source and/or sponsorship of the services offered in connection with Defendants' confusingly similar mark, thus constituting trademark infringement and unfair competition under Florida common law. This is particularly so because the parties offer identical services through the same online channels to the same class of consumers, and Defendants' use of the Logo and Infringing Logo is identical or nearly identical in appearance.

168. Defendant Halabi authorized, directed, and controlled the infringing conduct, rendering him jointly and severally liable for the unlawful acts.

169. As a direct and proximate result of Defendants' infringement, CPR LLC has suffered irreparable harm and damages including loss of goodwill, diversion of sales, harm to brand integrity and reputation, and other commercial and economic injuries, for which there is no adequate remedy at law.

170. Defendants' infringement has been intentional and willful. Defendants' bad faith is evidenced, in part, by the continued pursuit of a frivolous trademark opposition proceeding against a Logo that Defendants have admitted was granted to Plaintiff Joos through the Dissolution Agreement, admitted use of the Logo in connection with the creation of Defendants' new and confusingly similar logo despite Defendant Halabi's obligations under the Dissolution Agreement, Defendants' identical names, locations, and branding used in conjunction with not only the confusingly similar logo but also continued use of an identical logo, and the extensive nature of the infringement including the conduct alleged in ¶¶165–167.

171. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

172.    Defendants committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendants, CPR Certification, LLC and Sami Halabi, for Florida common-law trademark infringement and unfair competition, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from continued use of logos identical and/or nearly identical to and confusingly similar to CPR LLC's Logo and from use of any mark substantially indistinguishable from CPR LLC's Logo and/or confusingly similar marks;

B. An award of all applicable damages under law, including without limitation compensatory and punitive damages;

C. An order that Defendants account to CPR LLC for any and all profits earned as a result of Defendants' infringement;

D. Disgorgement of Defendants' profits;

E. An award of attorneys' fees and costs; and

F. Such other relief as the Court deems just and proper.

## COUNT X – CONTRIBUTORY FLORIDA COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
### (CPR LLC against Halabi)

173. Plaintiff CPR LLC hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1–17, 23, 25–38, 44–66, 67–70, and 73–74 above as though fully set forth herein.

174. Plaintiff CPR LLC owns common-law rights in its Logo in the State of Florida through prior and continuous use in connection with its CPR training services. Through such use, CPR LLC enjoys exclusive common law rights in its Logo.

175. CPR Certification, LLC, without authorization and with knowledge and intentional disregard of CPR LLC's rights to CPR LLC's Logo, used marks and branding confusingly similar and marks identical to the Logo in commerce.

176. With knowledge of ongoing common-law trademark infringement and unfair competition, Defendant Halabi knowingly authorized, directed, and materially contributed to the infringing conduct of CPR Certification, LLC and its agents, including CPR Certification, LLC's continued use of CPR LLC's Logo on various YouTube channels and videos, including in videos on its "CPR Certification Houston" YouTube Channel, and videos as well as the profile image for its "CPR Certification Orlando" YouTube Channel. *See* **Exhibits B-D**.

49

177. Halabi's active involvement and control substantially assisted the unauthorized use of marks confusingly similar and identical to CPR LLC's Logo, resulting in widespread consumer confusion and marketplace harm.

178. Halabi had actual knowledge of CPR Certification, LLC's common-law infringement and unfair competition and intentionally induced and directed that conduct by controlling CPR Certification, LLC's branding decisions, marketing, online channels, and continued publication of the Logo and Infringing Logo.

179. As a direct and proximate result, CPR LLC has suffered damages including lost customers, reputational harm, diminished goodwill, and economic losses, for which there is no adequate remedy at law.

180. Defendant Halabi's contributory infringement has been intentional and willful. His bad faith is evidenced, in part, by the continued pursuit of a frivolous trademark opposition proceeding against a Logo that he has admitted was granted to Plaintiff Joos through the Dissolution Agreement, admitted use of the Logo in connection with the creation of Defendants' new and confusingly similar logo despite Defendant Halabi's obligations under the Dissolution Agreement, identical names, locations, and branding used in conjunction with not only the confusingly similar logo but also continued use of an identical logo, and the extensive nature of the infringement to which he has contributed as alleged in ¶¶175–177.

181.    Defendant Halabi had actual knowledge of the wrongfulness of the conduct and the high probability that injury and damage to CPR LLC would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to CPR LLC.

182.    Defendant Halabi committed the misconduct described herein knowingly, willfully, wantonly, oppressively, fraudulently, maliciously, and in conscious disregard of CPR LLC's rights.

**WHEREFORE**, Plaintiff, CPR LLC, requests that this Court enter judgment against Defendant Sami Halabi for contributory Florida common-law trademark infringement and unfair competition, and further order as follows:

A.  A preliminary and permanent injunction enjoining and restraining Defendant Halabi and all persons acting in concert with Defendant Halabi from continued use of logos identical and/or nearly identical to and confusingly similar to CPR LLC's Logo and from use of any mark substantially indistinguishable from CPR LLC's Logo and/or confusingly similar marks;

B.  An award of all applicable damages under law, including without limitation compensatory and punitive damages;

C.  An order that Defendant Halabi account to CPR LLC for any and all profits earned as a result of Defendant Halabi's contributory infringement;

D.  Disgorgement of Defendant Halabi's profits;

E.  An award of attorneys' fees and costs; and

F.  Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, Douglas K. Joos, Jr. and CPR LLC, hereby demand a trial by jury on all issues so triable as a matter of right.

Dated: <u>July 13, 2026.</u>

Respectfully submitted,

/s/ Julia Hannah Weber
Julia Hannah Weber
LEAD COUNSEL FOR PLAINTIFFS
Florida Bar No. 1045592
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
eservice@southronfirm.com

Joseph F. Southron, Esq.
Florida Bar No. 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 773-5103
joe@southronfirm.com
eservice@southronfirm.com

*Attorneys for Plaintiffs*

52