**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DOUGLAS K. JOOS, JR., and
CPR LLC,

  Plaintiffs,

v.           CASE NO.: 8:25-cv-03368-TPB-AEP

SAMI HALABI and CPR
CERTIFICATION, LLC

  Defendants,

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, Sami Halabi ("Halabi") and CPR Certification, LLC ("CPR Certification") (collectively, "Defendants"), by counsel, answer Plaintiffs, Douglas K. Joos, Jr. ("Joos") and CPR LLC's ("CPR LLC") (collectively, "Plaintiffs"), Second Amended Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  Without knowledge as to Joos's current residence; therefore denied.

2.  Without knowledge as to CPR LLC's current principal place of business; therefore denied.

3.  Admitted that Halabi is a resident of Hillsborough County, Florida. Admitted that Halabi is the sole member and owner of defendant, CPR Certification; otherwise denied. In further response, Halabi states the following:

- Contrary to Plaintiffs' allegations, Halabi did not direct, authorize, and/or participate in any alleged breach of the Dissolution Agreement;

- Contrary to Plaintiffs' allegations, Halabi did not direct, authorize, and/or participate in any alleged statutory trademark infringement, common law trademark infringement, or violation of 15 U.S.C. § 1125; and

- Contrary to Plaintiffs' allegations, Halabi did not direct, authorize, and/or participate in any alleged contributory federal trademark infringement or common trademark infringement and unfair competition.

4. Admitted.

5. Denied that Plaintiffs have stated any actionable claim upon which relief can be granted.

6. Admitted that this Court has subject matter jurisdiction, otherwise denied that Plaintiffs have stated any actionable claim upon which relief can be granted.

7. Admitted.

8. Denied that Plaintiffs have stated any actionable claim upon which relief can be granted.

9. Admitted that venue is proper in this District; otherwise denied.

10. Admitted.

11. Denied.

## FACTUAL BACKGROUND

### Fit Industries and its Dissolution

12. Admitted.

13. Admitted.

2

14.    Admitted.

15.    Admitted.

16.    Denied as stated as to the allegations pertaining to the logo and websites.

As for the Fit logo, the relevant provision states as follows:

> Ownership of Company Logo. The Members agree that the Company's current logo as seen on the websites currently operated by Fit shall become the sole and exclusive property of Joos. Halabi may use the words "CPR," "Certifications," and the unique city name in a new logo, but the design (as used for the websites operated by Halabi, and as used in other documents and materials for the operation of the business, such as Certificates of Completion and business cards) cannot incorporate the logo and must be different than the one currently used by Fit. . . .

Doc. 38-1, ¶7.    As for the parties' mutual obligations to make changes to the "Websites," the full and relevant provision states as follows:

> Additional Changes to the Websites.  For their respective Distributed Websites, the Members agree to make changes to all of their websites. In addition to changing the logo as set forth above (i.e., appearance only and not the words), Halabi agrees to change the hero picture on his websites, and change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" so that a reasonable person viewing websites operated by Halabi will not be confused that the websites are operated by the same company as the ones operated by Fit.  Joos agrees to change the text on his websites so that a reasonable person viewing the websites operated by Joos will not be confused that the websites are operated by the same company as the ones operated by Fit.

Doc. 38-1, ¶8. Admitted that the Dissolution Agreement contains a non-disparagement provision and certain delineated post-dissolution obligations.

17.    Denied as stated.  The relevant language from the provision is set forth in paragraph 16, above.

18. Admitted that Plaintiffs have restated a portion of the Dissolution Agreement in this contention.

19. Admitted that Plaintiffs have restated a portion of the Dissolution Agreement in this contention.

20. Denied. Plaintiffs have not accurately set forth Paragraph 8 of the Dissolution Agreement. Paragraph 8, in its entirety, is set forth in paragraph 16 above.

21. Admitted that Plaintiffs have restated a portion of the Dissolution Agreement in this contention.

22. Admitted that Plaintiffs have accurately restated a portion of the Dissolution Agreement in this contention.

23. Admitted.

24. Admitted.

### Infringement of CPR LLC's Logo

25. Denied.

26. Without knowledge as to the ownership of Plaintiffs' logo. Without knowledge as to CPR LLC's business and business relationships. Admitted that CPR LLC uses a logo.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

4

32. Denied.

33. Admitted that Joos, through counsel, sent correspondence to Halabi, through counsel; otherwise denied.

### The TTAB Proceeding

34. Denied that Joos submitted a trademark application. CPR LLC filed a trademark application.

35. Denied that Halabi submitted a notice of opposition and denied as to the claim asserted within that allegation. CPR Certification filed a notice of opposition.

36. Admitted.

37. Admitted.

38. Denied.

### Breach of Non-Disparagement Commitments and Business Interference

39. Denied.

40. Denied that Halabi made disparaging comments about Joos and his business or threatened Joos.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## Consumer Confusion and False Advertising

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## Ongoing Irreparable Harm and Damages to Plaintiffs

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## State Court Litigation

60.     Denied that Halabi has or is using an "infringing logo" or has interfered with Joos's businesses.  Admitted Joos voluntarily dismissed the defined "State Court Action" before the trial court dismissed the action for his failure to prosecute the case as required by Rule 1.420, Florida Rules of Civil Procedure.

61.     Admitted that Joos moved for a temporary injunction.  Denied that the trial court entered an injunction in the State Court Action.

62.     Denied that the trial court entered an injunction in the State Court Action.

63.     Denied that the trial court entered an injunction in the State Court Action.

64.     Admitted.

65.     Admitted that the trial court did not enter an injunction in the State Court Action; otherwise denied.

66.     Denied.

### Status of CPR LLC's Trademark Registration

67.     Without knowledge; therefore denied.

68.     Without knowledge; therefore denied.

69.     Denied that any decision is yet final.  The matter remains on appeal.

70.     Denied. CPR Certification owns a federal trademark registration for their ® design mark. A federal registration constitutes prima facie evidence of the mark's validity, the registration's validity, the registrant's ownership, and the registrant's exclusive right to use the mark in commerce. Defendant thus enjoys a presumption of priority and the exclusive right to use its mark nationwide. These presumptions apply in all tribunals and for all purposes. The registration also provides constructive notice of CPR Certification's nationwide priority.

71.     Admitted.

72.     Without knowledge; therefore denied.

**Ongoing and Continuing Misconduct**

73.    Denied.

74.    Denied.

75.    Denied.

**Defendant CPR Certification, LLC's Trademark Registration**

76.    Admitted.

77.    Denied. CPR Certification uses a noninfringing  ® design mark.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Plaintiffs' allegation is not an attempted statement of fact.  It is an abridged statement of what is contained in 15 U.S.C. § 1119.  There is, therefore, no allegation of fact to admit or deny.

84.    Denied.

## COUNT I – BREACH OF CONTRACT
### (Joos against Halabi)

85.    Halabi realleges and incorporates herein his response to paragraphs 1-38, 47, 51-66, and 73-74, above.

86.    Admitted.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

WHEREFORE, defendant, Sami Halabi, requests that the Court enter judgment against plaintiff, Douglas K. Joos, Jr., and award defendant his costs and attorneys' fees for defending this matter.

## <u>COUNT II – BREACH OF CONTRACT</u>
### (Joos against Halabi)

93. Halabi realleges and incorporates herein his response to paragraphs 1-21, 25-33, 52-59, and 73-74, above.

94. Admitted.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

WHEREFORE, defendant, Sami Halabi, requests that the Court enter judgment against plaintiff, Douglas K. Joos, Jr., and award defendant his costs and attorneys' fees for defending this matter.

9

### COUNT III – BREACH OF CONTRACT
### (NON-DISPARAGEMENT)
**(Joos against Halabi)**

100. Halabi realleges and incorporates herein his response to paragraphs 1-16, 22, 34-46, 52-66, and 74-75, above.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

WHEREFORE, defendant, Sami Halabi, requests that the Court enter judgment against plaintiff, Douglas K. Joos, Jr., and award defendant his costs and attorneys' fees for defending this matter.

### COUNT IV – BREACH OF CONTRACT
### (POST-DISSOLUTION RESTRICTIVE COVENANT/CONFUSION)
**(Joos against Halabi)**

107. Halabi realleges and incorporates herein his response to paragraphs 1-38, 47-66, and 73-75, above.

108. Admitted.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

WHEREFORE, defendant, Sami Halabi, requests that the Court enter judgment against plaintiff, Douglas K. Joos, Jr., and award defendant his costs and attorneys' fees for defending this matter.

### COUNT V – FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1125(a)(1)(A)
### (CPR LLC against Defendants)

114. Defendants reallege and incorporate herein their response to paragraphs 1-17, 23, 25-38, 47-55, 67-74, and 76-83, above.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request that the Court enter judgment against plaintiff, CPR LLC, and award defendants their costs and attorneys' fees for defending this matter.

### COUNT VI – FEDERAL FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)(1)(A)
### (CPR LLC against Defendants)

128.   Defendants reallege and incorporate herein their response to paragraphs 1-17, 23, 25-38, 47-55, 67-74, and 76-83, above.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request that the Court enter judgment against plaintiff, CPR LLC, and award defendants their costs and attorneys' fees for defending this matter.

### COUNT VII – FEDERAL FALSE ADVERTISING
### 15 U.S.C. § 1125(a)(1)(B)
### (CPR LLC against Defendants)

140. Defendants reallege and incorporate herein their response to paragraphs 1-17, 25-33, 47-55, and 47-59, above.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request that the Court enter judgment against plaintiff, CPR LLC, and award defendants their costs and attorneys' fees for defending this matter.

### COUNT VIII – CONTRIBUTORY FEDERAL
### TRADEMARK INFRINGEMENT
### (CPR LLC against Halabi)

151. Halabi realleges and incorporates herein his response to paragraphs 1-17, 23, 25-28, and 44-74, above.

152. Denied.

13

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request that the Court enter judgment against plaintiff, CPR LLC, and award defendants their costs and attorneys' fees for defending this matter.

### COUNT IX – FLORIDA COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
**(CPR LLC against Defendants)**

162.   Defendants reallege and incorporate herein their response to paragraphs 1-17, 23, 25-38, 47-66, 67-70, and 73-74, above.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request

that the Court enter judgment against plaintiff, CPR LLC, and award defendants their

costs and attorneys' fees for defending this matter.

### COUNT X – CONTRIBUTORY COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
### (CPR LLC against Defendants)

173. Defendants reallege and incorporate herein their response to paragraphs

1-17, 23, 25-38, 44-66, 67-70, and 73-74, above.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

WHEREFORE, defendants, Sami Halabi and CPR Certification, LLC, request that the Court enter judgment against plaintiff, CPR LLC, and award defendants their costs and attorneys' fees for defending this matter.

183. Any allegation in the Second Amended Complaint not expressly admitted by Defendants is hereby denied.

**AFFIRMATIVE DEFENSES**

184. **First Affirmative Defense.**  Plaintiff, Joos, has failed to state a claim upon which relief may be granted in Count I of the Second Amended Complaint, and his claim is barred by the doctrines of waiver, estoppel, acquiescence, and ratification.

First, as to Joos's allegations regarding the parties' logos, pursuant to the Dissolution Agreement, Halabi and Joos agreed, among many other things, as follows:

> Ownership of Company Logo. The Members agree that the Company's current logo as seen on the websites currently operated by Fit shall become the sole and exclusive property of Joos. **Halabi may use the words "CPR," "Certifications," and the unique city name in a new logo, but the design** (as used for the websites operated by Halabi, and as used in other documents and materials for the operation of the business, such as Certificates of Completion and business cards) cannot incorporate the logo **and must be different than the one currently used by Fit**. . . .

Doc. 38-1, ¶7 (emphasis added).  The "different" requirement in paragraph 7 of the Dissolution Agreement constitutes the entire agreed-upon universe of limitations on Halabi's new logo.

The two logos are not the same and are different in eight separate ways. Because the logos demonstrate that Halabi complied with the Dissolution Agreement, i.e., the logos are in fact different, the plain language of the Dissolution Agreement

bars Joos's recovery for any alleged breach of paragraph 7 of the Dissolution Agreement.

Second, as to Joos's allegations regarding the parties' websites, the full text of the parties' obligations in the Dissolution Agreement are as follows:

> <u>Additional Changes to the Websites</u>.  For their respective Distributed Websites, **the Members agree to make changes to all of their websites**. **In addition to changing the logo as set forth above (i.e., appearance only and not the words)**, Halabi agrees to change the hero picture on his websites, and change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" **so that a reasonable person viewing websites operated by Halabi will not be confused that the websites are operated by the same company as the ones operated by Fit**.  Joos agrees to change the text on his websites **so that a reasonable person viewing the websites operated by Joos will not be confused that the websites are operated by the same company as the ones operated by Fit**.

Doc. 38-1, ¶8 (emphasis added).  Joos alleges that Halabi somehow breached the above obligation as follows:

> Halabi breached the Dissolution Agreement's website and anti-confusion obligations by failing to implement required changes in order to avoid confusion of a reasonable person viewing Defendant Halabi's websites pursuant to Paragraph 8, thereby fostering consumer confusion **between the parties' businesses**.

Doc. 38, p. 22 of 52, ¶ 88.  Joos misreads the Dissolution Agreement.  Paragraph 8 of the Dissolution Agreement says nothing about changes to websites <u>to avoid consumer confusion between the parties' businesses</u>. Paragraph 8 required Joos <u>and</u> Halabi to make changes so that persons viewing the websites would "not be confused that the websites are operated by the same company <u>as the ones operated by Fit</u>." (Emphasis added).  Because Joos seeks to insert an obligation into the Dissolution Agreement

17

that does not exist, and such unilateral changes are barred by Florida law and the agreement itself, Joos is barred from recovery for any alleged breach of paragraph 8 of the Dissolution Agreement in this action.

185.    **Second Affirmative Defense.**  Joos's Count II is barred because Joos failed to comply with required conditions precedent and breached the Dissolution Agreement. The Dissolution Agreement provides, among other things, the following:

> Future Disagreements.  The members agree that should there be a dispute in the future regarding the obligations and prohibitions in this Agreement and for any other matter arising out of or connected to this Agreement, the non-breaching party **will first contact the alleged breaching party directly in writing to resolve the dispute short of litigation**.  The alleged breaching party will be given fifteen (15) days to cure the alleged breach condition.

Doc. 38-1, ¶12 (emphasis added).  Joos did not contact Halabi in writing to resolve any dispute short of litigation concerning the matters raised in Count II; i.e., the "CPR Certification Houston" YouTube Channel and the profile image for the "CPR Certification Orlando" YouTube Channel.

186.    **Third Affirmative Defense.**  Joos's claims in Count III are barred because any purported hyperbolic or rhetorical statements, by their very nature, could not be taken literally by any reasonable audience and therefore cannot cause reputational harm.

187.    **Fourth Affirmative Defense.** Joos's Count III is barred because Joos failed to comply with required conditions precedent and breached the Dissolution Agreement. The Dissolution Agreement provides, among other things, the following:

> Future Disagreements.  The members agree that should there be a dispute in the future regarding the obligations and prohibitions in this Agreement and for any other matter arising out of or connected to this Agreement, the non-breaching party **will first contact the alleged breaching party directly in writing to resolve the dispute short of litigation**.  The alleged breaching party will be given fifteen (15) days to cure the alleged breach condition.

Doc. 38-1, ¶12 (emphasis added).  Joos did not contact Halabi in writing to resolve any dispute short of litigation concerning the matters raised in Count III; i.e., the purported statements made by Halabi about Joos and his business, and the alleged "false negative reviews."

188.    **Fifth Affirmative Defense.**  Joos's Count IV is barred because Joos failed to comply with required conditions precedent and breached the Dissolution Agreement. The Dissolution Agreement provides, among other things, the following:

> Future Disagreements.  The members agree that should there be a dispute in the future regarding the obligations and prohibitions in this Agreement and for any other matter arising out of or connected to this Agreement, the non-breaching party **will first contact the alleged breaching party directly in writing to resolve the dispute short of litigation**.  The alleged breaching party will be given fifteen (15) days to cure the alleged breach condition.

Doc. 38-1, ¶12 (emphasis added).  Joos did not contact Halabi in writing to resolve any dispute short of litigation concerning the matters raised in Count IV; i.e., the alleged duplicate listings.

189.    **Sixth Affirmative Defense.** CPR LLC does not have standing to maintain any claim against Defendants in this action.

190.    **Seventh Affirmative Defense.** A party who authorizes use of a mark cannot maintain an action under 15 U.S.C. § 1125 for use of the authorized mark.

19

Here, CPR LLC's alleged predecessor in interest, Joos, expressly authorized and consented to, and licensed (express and implied) Halabi's use of his mark in the Dissolution Agreement.  The doctrines of waiver, estoppel, acquiescence, license (both express and implied), and ratification thus bar CPR LLC's claims in this action.

191.  **Eighth Affirmative Defense.** CPR LLC's claims are barred because CPR Certification owns a federal trademark registration for its ® design mark, and CPR LLC cannot maintain an action against Defendants for using a registered trademark. A federal registration constitutes prima facie evidence of the mark's validity, the registration's validity, the registrant's ownership, and the registrant's exclusive right to use the mark in commerce. Defendants thus enjoy a presumption of priority and the exclusive right to use its mark nationwide.

192.  **Ninth Affirmative Defense.** CPR Certification's federal trademark registration for its ® design mark bars any claims by CPR LLC for dilution, reputational harm, and related relief or equitable harm.

193.  **Tenth Affirmative Defense.** CPR LLC's statutory trademark claims are barred by the applicable statute of limitations and doctrine of laches.  Defendants began using their mark on February 22, 2021, simultaneously with Plaintiffs, and CPR LLC waited almost five (5) years to assert its Lanham Act claims.  Because the Lanham Act does not contain a statute of limitations, courts use the period for

20

analogous state law claims, here four years under Florida law, as the touchstone for laches.

194. **Eleventh Affirmative Defense.** CPR LLC's common law trademark-related claims are barred by Florida's four-year statute of limitations, which governs state trademark infringement and common law unfair competition claims. Defendants began using their mark on February 22, 2021, simultaneously with Plaintiffs, and CPR LLC waited almost five (5) years to assert its Lanham Act claims.

195. **Twelfth Affirmative Defense.** CPR LLC's common law trademark claims are barred by the doctrine of laches.

196. **Thirteenth Affirmative Defense.** CPR LLC's claims are barred by the doctrine of unclean hands. CPR LLC waited nearly five years to assert its purported claims against Defendants, while allowing Defendants to invest substantial resources in building their business and obtaining its federal registration of the ® design mark. CPR LLC's delay in asserting its purported trademark claims, and basing its allegations on Defendants' use of the very mark authorized and licensed in the Dissolution Agreement, constitutes nothing more than CPR LLC attempting to gain an unfair advantage before alleging it had superior rights. Such inequitable and egregious misconduct warrants application of the unclean doctrine in this action.

197. **Fourteenth Affirmative Defense.** Common law trademark rights extend only to the geographic markets in which the mark has actually been used and become

known.  CPR LLC's trademark claims, to the extent any exist, are limited to those geographic markets in which its mark has actually been used and become known.

198.  **Fifteenth Affirmative Defense.** CPR LLC's common law trademark claims are barred because a party can only acquire common law trademark through actual prior use in commerce.  Here, CPR LLC does not even allege prior use, because it cannot.  Pursuant to the Dissolution Agreement, on February 22, 2021, at 12:01 a.m., Joos began operating CPR LLC with the former FIT logo, and Halabi simultaneously began operating his new company, CPR Certification, with his new logo.  Thus, CPR LLC cannot establish prior use.

199.  **Sixteenth Affirmative Defense.** CPR LLC's trademark claims are barred because the words "Certification CPR," as used by CPR LLC, and "CPR Certification," as used by Defendants, are descriptive terms not entitled to statutory or common law trademark protection.  Likewise, Section 7 of the Agreement permits either party to use the descriptive terms "CPR," "CERTIFICATION," and a unique city name without restriction.

200.  **Seventeenth Affirmative Defense.** CPR LLC's trademark claims are barred by the fair use doctrine, 15 U.S.C. § 1115(b)(4).

201.  **Eighteenth Affirmative Defense.** A mark incorporating common English words is inherently weaker than a mark consisting of fanciful and fictitious terms.  Here, CPR LLC chose a crowded field.  If any confusion did result from that

22

choice, that is a risk CPR LLC assumed and accepted when it decided to identify its services with a mark that uses a well-known descriptive phrase.

202. **Nineteenth Affirmative Defense.** Contributory infringement claims derive from 15 U.S.C. §1114(1). They are limited to claims arising under that section, which requires a federal registration. CPR LLC does not have a federal registration of its mark. Thus, it has no actionable contributory infringement claim.

203. **Twentieth Affirmative Defense.** CPR LLC's trademark claims relating to the YouTube channels for CPR Certification Houston and CPR Certification Orlando are barred because CPR LLC cannot demonstrate any consumer confusion from these two channels and, even if some confusion did exist, and it does not, such confusion would be isolated, anecdotal, and de minimis, and thus cannot establish consumer confusion.

204. **Twenty-first Affirmative Defense.** Plaintiffs have failed to mitigate their damages, if any, thereby reducing or eliminating any damages claimed.

205. Defendants reserve the right to add additional affirmative defenses as this matter progresses and Defendants discover additional information.

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which will send the electronic filing to all counsel of record.

23

*/s/ John A. Schifino*

John A. Schifino, Esq.
Florida Bar No. 0072321
Justin P. Bennett, Esq.
Florida Bar No. 112833
**GUNSTER**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
jschifino@gunster.com
jbennett@gunster.com

and

Brittany J. Maxey-Fisher, Esq.
Florida Bar No. 44586
**MAXEY-FISHER, PLLC**
7650 W. Courtney Campbell Causeway
Suite 110
Tampa, Florida 33607
Telephone: (727) 230-4949
bmaxeyfisher@maxeyfisher.com

Attorneys for Defendants

ACTIVE:40198009.1

24