# EXHIBIT 7

Joint Pre-Hearing Meet and Confer Report, *Joos v. Halabi*, No. 23-CA-013691 (Fla. 13th Cir. Ct. Dec. 13, 2023)

Filing # 187993347 E-Filed 12/13/2023 06:28:35 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Douglas K. Joos,

Plaintiff,

vs.

Sami Halabi,

Defendant.

______________________________/

Case No.: 23-CA-013691
Division: L

**JOINT PRE-HEARING MEET AND CONFER REPORT**

Plaintiff, Douglas K. Joos ("Plaintiff Joos"), and Defendant, Sami Halabi ("Defendant Halabi"), by and through the undersigned counsel, hereby file this Joint Pre-Hearing Meet and Confer Report pursuant to the Court's Order Setting Evidentiary Hearing, entered on November 6, 2023, and state as follows:

## I. Anticipated Hearing Timeline and Witness Lists

The parties anticipate the following timeline for the course of the injunction hearing:

1. Opening Statements: Each party anticipates that he will need approximately 5-10 minutes for opening statements.

2. Examination of Witnesses and Presentation of Evidence: Each party anticipates that he will need approximately 45 minutes to present his evidence.

3. Closing Statements: Each party anticipates that he will need approximately 10 minutes for closing statements.

Plaintiff Joos anticipates calling the following as witnesses:

1. Plaintiff, Douglas K. Joos

2. Rich Bussey

Defendant Halabi anticipates calling the following as witnesses:

1. Defendant, Sami Halabi

2. Plaintiff, Douglas K. Joos (if not called in Plaintiff's case-in-chief)

3. Records custodian(s) to the extent necessary

4. Gary Viljoen

    a. Plaintiff objects to the relevance of this witness' testimony.

## II. Stipulation of Undisputed Material Facts for Injunction Hearing

1. Plaintiff Joos and Defendant Halabi formed Fit Industries, LLC (the "Company") in February 2017.

2. In February 2021, Plaintiff Joos and Defendant Halabi agreed to dissolve the Company as set forth in the February 8, 2021 Dissolution Agreement (the "Agreement"), which is valid and enforceable. The Agreement is attached to the Complaint as Exhibit A.

3. The following is the Company logo, which became the sole and exclusive property of Plaintiff Joos pursuant to Paragraph 7 of the Agreement:

("Plaintiff's Logo").

4. The following is Defendant Halabi's Logo:

("Defendant's Logo").

5. Defendant Halabi has used Defendant's Logo since February 22, 2021.

6. On February 24, 2021, Plaintiff Joos, through counsel, raised concern with Defendant Halabi's counsel whether Defendant's Logo is sufficiently different from Plaintiff's Logo.

7. On September 8, 2021, Plaintiff Joos submitted a Trademark/Service Mark Application (Serial Number: 97016512) (the "Application") to the United States Patent and Trademark Office ("USPTO") for Plaintiff's Logo.

8. On March 17, 2022, Plaintiff Joos, through counsel, served Defendant Halabi with Written Notice to cease and desist pursuant to the Agreement in which Plaintiff Joos raised concerns about Defendant Halabi's alleged breaches of the Agreement, Defendant Halabi's alleged intellectual property infringement through his use of Defendant's Logo, alleged consumer confusion, and alleged tortious interference with Plaintiff Joos' business relationships (the "Written Notice"). The Written Notice is attached to the Complaint as Exhibit C.

9. On May 9, 2022, Defendant Halabi filed a Notice of Opposition with the USPTO opposing Plaintiff Joos' Application (the "Notice of Opposition"). The Notice of Opposition is attached to the Complaint as Exhibit D.

## III. Exhibit Lists

Plaintiff Joos intends to introduce the following as exhibits:

| Document No. and Description | Stipulation | Objection |
|---|---|---|
| 1. Plaintiff's Amended Motion for Temporary Injunction | | Relevance, 90.401, 90.403 |
| 2. Plaintiff's Affidavit in Support of Motion for Temporary Injunction | | Hearsay, 90.801, 90.802 |
| 3. Dissolution Agreement of Fit Industries, LLC | Yes | |
| 4. Domain Name List | | Authenticity, 90.901; |

| | | |
|---|---|---|
| | | Relevance, 90.401, 90.403 |
| 5. Cease and Desist Letter regarding CPR Pittsburgh trademark infringement | | Authenticity, 90.901; Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |
| 6. Notice of Opposition against CPR, LLC filed by CPR Certification LLC | Yes | |
| 7. Email Notice of Photo posted by CPR Director 842 for Takedown Attempt | | Authenticity, 90.901; Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |
| 8. Certified Transcript for Remote Deposition of Rich Bussey | | Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |

Defendant Halabi intends to introduce the following as exhibits:

| **Document No. and Description** | **Stipulation** | **Objection** |
|---|---|---|
| 004 – Dissolution Agreement, dated February 8, 2021 | Yes | |
| 008 – 05.07.2022 CPR Certification LLC Notice of Opposition | Yes | |
| 020 – 02.01.2022 USPTO Examiner's Amendment | | Relevance, 90.401, 90.403 |
| 022 - CPR, LLC trademark description on USPTO website | | |
| 024 – 02.24.2021 Email from T. Wood to J, Schifino | | |
| 025 – 03.17.2022 Letter from J. Southron to J. Schifino | | |
| 026 – Text message regarding CPR Certification Chicago address | | Authenticity, 90.901; Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |

| | | |
|---|---|---|
| 027 – Wall Certificates | | Authenticity, 90.901; Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |
| 040 – 12.09.2021 Email from G. Viljoen to S. Halabi | | |
| 041 – 01.20.2022 Text messages between G. Viljoen and L. Ahammer | | Authenticity, 90.901; Hearsay, 90.801, 90.802 |
| 044 – 10.31.2022 USPTO Order on Motion to Dismiss Notice of Opposition | | |
| 051 – Screenshot of CPR Certification Tampa website listing on Google | | Authenticity, 90.901; Relevance, 90.401, 90.403 |
| 056 – Screenshot of CPR Certification Chesapeake online booking calendar | | Authenticity, 90.901 |
| 058 – 02.08.2022 Email from G. Viljoen to L. Ahammer | | Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |
| 059 – Email chain regarding call history with Chesapeake Virtual Offices | | Authenticity, 90.901; Hearsay, 90.801, 90.802 |
| 060 – Email chain regarding Chesapeake Virtual Offices Application | | Authenticity, 90.901; Hearsay, 90.801, 90.802 |
| 061 – 11.03.2020 Letter from J. Schifino to D. Joos | | |
| 063 – 06.02.2023 Office Services Agreement between Chesapeake Virtual Office and CPR Certification Chesapeake | | |
| 064 – Active Cities list | | |
| 065 – 02.26.2021 Email from Yes Working Louisville to D. Joos | | |
| 066 – 11.09.2022 Screen recording regarding | | Authenticity, 90.901; |

| | | |
|---|---|---|
| Glassdoor job listings linked to CPR Certification Orlando website | | Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |
| Plaintiff's Deposition Transcripts; for impeachment purposes only | | |
| 070 - Plaintiff's text messages | | Best Evidence, 90.952; Authenticity, 90.901; Hearsay, 90.801, 90.802; Relevance, 90.401, 90.403 |

## IV. Relief Requested

Plaintiff Joos requests the entry of a temporary injunction enjoining Defendant Halabi and his agents, employees, servants, and attorneys, and those persons in active concert or participation with Defendant Halabi from:

1. Intentionally misusing Plaintiff Joos' logo;
2. Intentionally disparaging Plaintiff Joos or his businesses;
3. Intentionally creating false reviews or reports of Plaintiff Joos' businesses;
4. Intentionally and materially breaching the Dissolution Agreement;
5. Intentionally interfering with Plaintiff Joos' business relationships;
6. Intentionally making misrepresentations to third parties which would interfere with Plaintiff Joos' business relationships;
7. Going to or within 500 feet of any place Plaintiff Joos lives, or to any specified place regularly frequented by Plaintiff Joos and any family members or individuals closely associated with Plaintiff Joos;
8. Contacting Plaintiff Joos by telephone, mail, by e-mail, in writing, through another person, or in any other manner except through counsel;
9. knowingly and intentionally going to or within 100 feet of Plaintiff Joos' motor vehicle, whether or not that vehicle is occupied.

Defendant Halabi requests:

1. The Court to deny Plaintiff Joos' Amended Motion for Temporary Injunction, including all requests for relief outlined in paragraphs 1 through 9 above;
2. An award of attorneys' fees and costs incurred in connection with Plaintiff Joos' original Motion for Temporary Injunction, Emergency Motion for Temporary Injunction and Amended Motion for Temporary Injunction pursuant to paragraph 23 of the Agreement.

Dated: December 13, 2023.

| | |
|---|---|
| /s/ Joseph F. Southron<br>Joseph F. Southron, Esquire<br>Bar No.: 0122109<br>e-mail: joe@fourriverslaw.com<br>Secondary e-mail:<br>eservice@fourriverslaw.com<br>**FOUR RIVERS LAW FIRM**<br>400 N. Ashley Drive, Suite 1720<br>Tampa, FL 33602<br>Telephone: (813) 773-5105<br>Facsimile: (813) 773-5103<br>***Counsel for Plaintiff Joos*** | **GUNSTER, YOAKLEY & STEWART, P.A.**<br>401 E. Jackson Street, Suite 1500<br>Tampa, Florida 33602<br>Telephone: (813) 228-9080<br>Facsimile: (813) 314-6914<br><br>By: */s/ Daniel P. Dietrich*<br>John A. Schifino, Esq.<br>Florida Bar Number 072321<br>Daniel P. Dietrich, Esq.<br>Florida Bar Number 934461<br>Justin P. Bennett, Esq.<br>Florida Bar Number 112833<br>Primary E-Mail:<br>jschifino@gunster.com<br>ddietrich@gunster.com<br>jbennett@gunster.com<br>Secondary E-Mail:<br>cwarder@gunster.com<br>asnaggs@gunster.com<br>***Attorneys for Defendant Halabi*** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2023, he foregoing was electronically filed via the Florida Courts E-Filing Portal, which will send an electronic mail notification to all parties and counsel of record.

**FOUR RIVERS LAW FIRM**

/s/ Joseph F. Southron
Joseph F. Southron
Fla. Bar No. 122109
Counsel for Plaintiff