# EXHIBIT 11

Opposer's Objections and Responses to Applicant's Second Set of Interrogatories (TTAB Oct. 17, 2023)

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the matter of Application Serial No. 97/016,512
Published: March 08, 2022

| | |
|---|---|
| CPR Certification, LLC,<br>Opposer,<br><br>v.<br><br>CPR, LLC,<br><br>Applicant. | Proceeding No. 91276058 |

**<u>OPPOSER CPR CERTIFICATION, LLC'S OBJECTIONS AND RESPONSES TO APPLICANT CPR, LLC'S SECOND SET OF INTERROGATORIES</u>**

Pursuant to 37 C.F.R. § 2.120 and Rules 26 and 33 of the Federal Rules of Civil Procedure, Opposer CPR Certification, LLC ("Opposer") by and through its undersigned counsel, hereby objects and responds to Applicant CPR, LLC's ("Applicant") Second Set of Interrogatories, served on September 17, 2023.

## GENERAL OBJECTIONS

Opposer objects to each individual request for production on all of the grounds set forth in its General Objections below and incorporates those objections into its specific objections to each request as if set forth in full therein. By responding to Applicant's requests, Opposer does not waive any objections that the information requested is not relevant or is otherwise inadmissible at trial, and expressly reserves the right to assert such objections at some future time and to object to further discovery on the subject matter of any request.

The following responses are based upon Opposer's current knowledge, information, and belief. Opposer is continuing to review its files and to investigate this matter and reserves the right to modify, correct, supplement, or clarify its objections or responses.

1. Opposer objects to Applicant's Interrogatories, instructions, and definitions to the extent they are inconsistent with or purport to impose obligations broader in scope or more burdensome than those imposed by the Federal Rules of Civil Procedure or the TTAB's rules. Opposer expressly disclaims any obligation to provide any discovery beyond that required by such rules or in a manner not required by such rules.

2. Opposer objects to Applicant's requests, instructions, and definitions to the extent that they seek discovery that is not reasonably relevant to any issue in this proceeding and not proportional to the needs of the case.

3. Opposer objects to Applicant's requests, instructions, and definitions to the extent that the burden and/or expense of searching for and producing the requested information outweigh the benefit of the discovery being sought. To the extent that Applicant's interrogatories, instructions, and definitions impose such an undue burden and/or expense upon Opposer, they are not proportional to the needs of the case.

4. Whenever, in response to an Interrogatory, Opposer agrees to produce documents, that agreement does not represent that such documents exist, but only that such documents will be produced if they (i) exist; (ii) are within Opposer's possession, custody, or control; (iii) can be located through a diligent search of those employees who are reasonably likely to have responsive information; and (iv) are not otherwise protected from disclosure. Opposer objects to any

Interrogatory to the extent it seeks information or documents not in the possession, custody, or control of Opposer.

5. Opposer objects to Applicant's Interrogatories, instructions, and definitions on the ground that they impose an undue burden upon Opposer and call for information that can be readily obtained by review of Opposer's business records.

6. Opposer objects to each Interrogatory to the extent that it seeks identification of documents that do not currently exist and purports to require Opposer to create, compile, or develop new documents.

7. Opposer objects to each Interrogatory to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Fed. R. Civ. P. 26(b)(2)(B). Opposer will only search for electronically stored information that is reasonably accessible and is consistent with the principle of proportionality set forth in General Objection No. 2.

8. Opposer objects to each Interrogatory to the extent it seeks information that is protected from disclosure by attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Opposer does not agree to disclose any such information or produce any such documents. The inadvertent disclosure of any information or documents is not intended to relinquish any privilege or immunity and shall not constitute a waiver of any applicable privilege or immunity.

9. Opposer objects to each Interrogatory to the extent that it calls for the disclosure of Opposer's trade secrets, proprietary information, and/or commercially sensitive information.

Opposer will not disclose any such information except under the terms of the Standard Protective Order governing this proceeding.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Interrogatory No. 1:** Identify the full name, current address, and telephone number of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the Interrogatories are directed.

**Answer:** Opposer identifies the following persons:

Mr. Sami Halabi ("Mr. Halabi") is the Chief Executive Officer and Founder of CPR Certification, LLC, with an address of 3205 Sandspur Drive, Tampa, Florida 33618, and a telephone number of 813-505-3277.

Ms. Laura Ahammer ("Ms. Ahammer") is the Chief Operations Officer of CPR Certification, LLC, with an address of 502 E Ross Avenue #214, Tampa, Florida 33602, and a telephone number of 404-435-6618.

**Interrogatory No. 2:** Identify any and all persons Opposer intends to use as a witness in connection with any hearing or trial in this action, whether by live or deposition testimony, by affidavit, or otherwise, including for each the subject matter on which such person is expected to testify.

**Answer:** Opposer identifies the following persons:

Mr. Halabi is expected to testify on his formation and development of CPR businesses Fit Industries LLC, 842 Industries LLC, and Opposer CPR Certification LLC, the Dissolution Agreement, and the Opposition.

Ms. Ahammer is expected to testify regarding the Dissolution Agreement, the negotiations leading to the Dissolution Agreement, and the operations of Opposer.

Mr. Douglas Joos is expected to testify to the extent of their knowledge regarding processes at Fit Industries, the Dissolution Agreement, the negotiations leading to the Agreement, CPR, LLC, Venture Cap Holdings and Post-Dissolution Agreement business.

Mr. Gary Viljoen is expected to testify to the extent of their knowledge any and all information they hold regarding the Dissolution Agreement, the negotiations leading to the Agreement, CPR, LLC, Venture Cap Holdings, and Post-Dissolution Agreement business.

Mrs. Jacqueline Joos is expected to testify to the extent of their knowledge regarding any and all information they hold regarding processes at Fit Industries, the Dissolution Agreement, the negotiations leading to the Agreement, CPR, LLC, Venture Cap Holdings, and Post-Dissolution Agreement business.

**Interrogatory No. 3:** Identify any and all officers, directors, managers, members, executives, principals, and/or owners of Opposer, including for each the name, address, title, and duties for Opposer.

**Answer:** Opposer identifies the following persons:

Mr. Halabi is the Chief Executive Officer and Founder of CPR Certification, LLC, with an address of 3205 Sandspur Drive, Tampa, Florida 33618, and a telephone number of 813-505-3277.

Ms. Laura Ahammer is the Chief Operating Officer of CPR Certification, LLC, with an address of 502 E Ross Avenue #214, Tampa, Florida 33602, and a telephone number of 404-435-6618.

Ms. Gaye Shiela G. Sabiduria is an Independent Contractor of CPR Certification, LLC, with an address of 419 G. Del Pilar St. Quisao, Pililla, Rizal, 1910 Philippines, and a telephone number of +63 956 612 5274.

**Interrogatory No. 4:** Identify any and all parents, subsidiaries, predecessors, investors, members, silent members, shareholders, holdings companies, registered agents, and/or affiliated companies of Opposer, including for each the name, address, title, and relationship to Opposer.

**Answer:** Opposer objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous, to the extent that it seeks information about "affiliated companies" without a clear definition or limitation of the term. Subject to the objection, Opposer identifies the following:

842 Industries LLC is the parent company with an address of 401 E Jackson Street Suite 2400, Tampa, FL 33602 with a telephone number of 813-228-9080.

CPR Certification, LLC is a subsidiary of 842 Industries with an address of 401 E Jackson Street Suite 2400, Tampa, FL 33602 with a telephone number of 813-228-9080.

CPR Classes LLC is a subsidiary of 842 Industries with an address of 401 E Jackson Street Suite 2400, Tampa, FL 33602 with a telephone number of 813-228-9080.

Certification Classes LLC is a subsidiary of 842 Industries with an address of 401 E Jackson Street Suite 2400, Tampa, FL 33602 with a telephone number of 813-228-9080.

**__Interrogatory No. 5__:** Identify any and all managers, executives, owners, employees, or other persons associated with Opposer with decision-making power over the use of Opposer's Mark.

**__Answer__:** Opposer identifies the following persons:

Mr. Halabi is the Chief Executive Officer and Founder of Opposer, with an address of 3505 Sandspur Drive, Tampa, Florida 33618, and a telephone number of 813-505-3277. Mr. Halabi holds all final decision-making power over the use of Opposer's Mark.

**__Interrogatory No. 6__:** Identify and describe in detail and with specificity Mr. Sami Halabi's current and/or past positions, titles, and roles held at Opposer, and describe in detail the responsibilities, duties, and areas of authority associated with each of those positions, and his contributions, decisions, or actions taken in each role.

**__Answer__:** Mr. Halabi is the Chief Executive Officer and Founder of Opposer. Mr. Halabi plays a pivotal role in shaping the vision, mission, and strategic direction of the company. He ensures that the organization's goals and objectives are met. Mr. Halabi has ultimate decision-making power within the organization, including with regard to the use of Opposer's Mark.

**__Interrogatory No. 7__:** Identify and describe in detail and with specificity Ms. Laura Ahammer's current and/or past positions, titles, and roles held at Opposer, and describe in detail the responsibilities, duties, and areas of authority associated with each of those positions, and her contributions, decisions, or actions taken in each role.

who owns tax credits applied for on behalf of a passthrough entity--individual filer or passthrough?

**__Answer__:** Opposer objects to Interrogatory No. 7 to the extent that that it combines two distinct inquiries into a single request, thereby constituting a compound question. Opposer also objects to the portion of Interrogatory No. 7 concerning "tax credits" on the grounds that the request is vague and ambiguous. The interrogatory does not clearly specify the nature, type, or context of the "tax credits" inquired about, nor does it make clear the relationship between the "passthrough entity" and "individual filer" in the context of ownership of said tax credits. Without further clarification or specificity, Opposer is unable to provide a responsive answer regarding "tax credits." Subject to the objection, Opposer answers as follows:

Ms. Ahammer holds the position of Chief Operating Officer at 842 Industries and its subsidiaries. Ms. Ahammer oversees a broad range of company operations including

interactions with independent contractors, team management, scaling initiatives, growth strategies, compliance, legal communications, as well as the conceptualization and implementation of innovative solutions for profitability. Ms. Ahammer plays a critical role in ensuring the smooth daily operations of the company.

**Interrogatory No. 8:** Identify and describe in detail and with specificity Ms. Gaye Shiela G. Sabiduria's current and/or past positions, titles, and roles held at Opposer, and describe in detail the responsibilities, duties, and areas of authority associated with each of those positions, and her contributions, decisions, or actions taken in each role.

**Answer:** Ms. Gaye Shiela G. Sabiduria serves as Independently Contracted Support for CPR Certification, LLC. Her primary duties involve overseeing key operational components, with a focus on office and location scouting, and providing recommendations for office selections. She collaborates with Opposer's web developer on digital developmental initiatives and facilitates seamless operations on the customer side. While Ms. Sabiduria holds some operational autonomy, decisions beyond her scope are deferred to Laura. Although informed about branding discussions, she lacks authority over the final determinations related to the company logo.

**Interrogatory No. 9:** Identify and describe in detail and with specificity Mr. Rich Bussey's current and/or past positions, titles, and roles held at Opposer, and describe in detail the responsibilities, duties, and areas of authority associated with each of those positions, and his contributions, decisions, or actions taken in each role.

**Answer:** Mr. Rich Bussey previously held the position of Vice President of Operations at the Opposer's company. In this capacity, he was responsible for spearheading location growth, team scaling, and crafting various tracking documents. Additionally, Mr. Bussey managed travel, compliance communications, and brand standards. He also took charge of departmental development, recruitment of Independent Contractors, and operational streamlining. While he played a pivotal role in evaluating city expansions and had the authority to hire Independent Contractors, he did not possess final decision-making authority to terminate. Furthermore, he had no direct responsibility concerning the use of the company logo.

**Interrogatory No. 10:** Explain in detail and with specificity what efforts Mr. Halabi undertook and/or withheld from undertaking to comply with Paragraph 5 of the Dissolution Agreement, including but not limited to any efforts Mr. Halabi undertook to ensure Opposer complied with

Paragraph 5, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 10 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to the objection, Opposer identifies the following:

Mr. Halabi diligently complied with Paragraph 5 of the Dissolution Agreement and refrained from any business activities in the Restricted Territories. Halabi ensured operations were limited to specific geographic locations, and consciously avoided regions awarded to Mr. Joos in the Dissolution Agreement, from February 08, 2021 through February 22, 2022, beyond Mr. Halabi's contractual requirements. When entering unrestricted cities, Opposer's protocol involves analyzing market potential, ensuring instructor availability, and establishing an office before beginning marketing. No competitive analyses were performed, no personnel were recruited, and office space hunting was not performed in the Restricted Territories during the Restrictive Period. No marketing campaigns were undertaken, no social media accounts were created, and no ad campaigns were initiated in the Restricted Territories during the Restrictive Period.

**<u>Interrogatory No. 11</u>:** Identify any and all counties in which Opposer's Mark was used in commerce between February 8, 2021, and February 8, 2022, including for each the address of any physical locations in such county in which Opposer used Opposer's Mark in commerce, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 11 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Opposer objects to Interrogatory No. 11 to the extent it seeks the disclosure of information that constitutes or contains trade secrets, confidential information, or proprietary data, the public disclosure of which would harm Opposer's position and proprietary interests. Subject to and without waiving the foregoing objections, Opposer answers that Opposer's Mark was used in the counties that correspond with the following cities:

Austin, Baltimore, Boston, Charlotte, Chicago, Cincinnati, Cleveland, Colorado Springs, Columbia, Dallas, Detroit, Fort Lauderdale, Houston, Los Angeles, New York City, Oakland, Oklahoma City, Orlando, Philadelphia, Phoenix, Pittsburgh, Raleigh, San Antonio, San Diego, Tacoma, Tucson, Virginia Beach, West Palm Beach

**<u>Interrogatory No. 12</u>:** Explain in detail and with specificity what efforts Mr. Halabi undertook to comply with Paragraph 7 of the Dissolution Agreement, including but not limited to any efforts Mr. Halabi undertook to ensure Opposer complied with Paragraph 7, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>**: Opposer objects to Interrogatory No. 12 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to and without waiving the foregoing objection, Opposer answers as follows:

Mr. Halabi proactively commissioned a new logo design from an artist on the website Fiverr to ensure it was different from the former Fit Industries logo. Key differentiating factors were integrated into the new logo to ensure it was different. The heart shape itself is different, with the new design notably wider toward the base. The sinusoidal wave patterns are different, the lines creating the sinusoidal waves start and end in different positions, take different paths, represent different cardiac events, and are different thicknesses. The positioning of the heart symbol in the new logo is separated and isolated from the last letter, whereas the former Fit Industries logo connects the heart and sinusoidal wave to the adjacent letter "R." The placement of the letter "R" in the design was created to ensure no wave patterns would overlap with it. Textual distinctions were also made; the new design incorporates the words "CPR Certification" followed by a city name. The font choices are different. There is a different shade of red to further differentiate the logos, where Opposer uses Hex code #ed1329, as opposed to Hex code #dd3333. Mr. Halabi's understanding of the Dissolution Agreement was clear: the logo should be different from the one previously used by Fit.

**<u>Interrogatory No. 13</u>:** Explain in detail and with specificity what efforts Mr. Halabi undertook to ensure Opposer's Mark complied with Paragraph 7 of the Dissolution Agreement, including but not limited to any efforts Mr. Halabi undertook to ensure that Opposer's Mark is not confusingly similar to Applicant's Mark, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 13 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to and without waiving the foregoing objection, Opposer answers as follows:

Opposer's efforts to ensure that Opposer's Mark complied with Paragraph 7 of the Dissolution Agreement is detailed in the response to Interrogatory No. 12.

**<u>Interrogatory No. 14</u>:** Explain in detail and with specificity why Mr. Halabi and/or Opposer believe(s) Opposer's Mark possesses qualities distinct from Applicant's Mark.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 14 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to and without waiving the foregoing objection, Opposer answers as follows:

The reasons why Opposer believes that Opposer's Mark possesses qualities distinct from Applicant's Mark can be found in the response to Interrogatory No. 12.

**<u>Interrogatory No. 15</u>:** Explain in detail and with specificity what efforts Mr. Halabi undertook to comply with Paragraph 8 of the Dissolution Agreement, including but not limited to any efforts Mr. Halabi undertook to ensure Opposer complied with Paragraph 8, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 15 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to the objection, Opposer identifies the following:

In compliance with Paragraph 8 of the Dissolution Agreement, Mr. Halabi took deliberate actions to differentiate his websites from those Mr. Joos retained under Fit Industries. On February 22, 2021, Mr. Halabi changed the hero image across all his platforms. Additionally, he replaced the three icon images above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" to further differentiate the sites so that a reasonable person viewing websites operated by Mr. Halabi would not be confused that the websites were operated by the same company as the ones operated by Fit.

Mr. Halabi's primary intent throughout the redesign and content modifications was to improve the look of his websites and honor the Dissolution Agreement and, consequently, he refrained from any actions that could be construed as a breach of the Dissolution Agreement.

**<u>Interrogatory No. 16</u>:** Explain in detail and with specificity what efforts Mr. Halabi undertook and/or withheld from undertaking to comply with Paragraph 11 of the Dissolution Agreement, including but not limited to any efforts Mr. Halabi undertook to ensure Opposer complied with Paragraph 11, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 16 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to the objection, Opposer identifies the following:

Mr. Halabi has made conscientious efforts to comply with Paragraph 11 of the Dissolution Agreement, refraining from disparaging remarks or actions concerning Mr. Joos or his businesses. He takes the non-disparagement clause seriously, maintaining professionalism in communications.

**<u>Interrogatory No. 17</u>:** Explain in detail and with specificity what efforts Mr. Halabi undertook and/or withheld from undertaking to comply with Paragraph 14 of the Dissolution Agreement, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 17 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to the objection, Opposer identifies the following:

This email address cprdirector1@gmail.com was a shared email address used by Fit Industries, LLC, through Mr. Halabi and Mr. Doug Joos, to send communications to clients. To the best of Opposer's knowledge and belief, as agreed in the Dissolution Agreement, the email address was deleted on the date required by the Dissolution Agreement and is no longer in use.

**<u>Interrogatory No. 18</u>:** Identify and describe in detail and with specificity any instances where Opposer, including but not limited to Mr. Halabi or any other person acting on behalf of Opposer, undertook and/or withheld from undertaking an action due to any of Mr. Halabi's obligations under the Dissolution Agreement, including but not limited to any action or inaction related to

the geographic restrictions during the Restricted Period as defined in the Dissolution Agreement, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer objects to Interrogatory No. 18 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Subject to the objection, Opposer identifies the following:

Opposer has adhered to the Dissolution Agreement. This commitment to upholding the terms of the Dissolution Agreement is evident in Opposer's actions, especially concerning the geographical restrictions during the Restricted Period. Opposer's executives provide verbal guidance to independent contractors to ensure that their actions are congruent with the Dissolution Agreement's provisions.

Opposer cannot show a negative, nevertheless, it can be stated that some decisions to abstain from actions during the Restricted Period stemmed from Opposer's intent to remain compliant with the Dissolution Agreement. For additional information, see the answers to Interrogatories No. 10, 12, and 15.

**<u>Interrogatory No. 19</u>:** Identify and describe in detail and with specificity any and all marketing and/or advertising efforts Opposer undertook since the Effective Date of the Dissolution Agreement, including for each how such marketing and/or advertising effort was or was not in compliance with any of Mr. Halabi's obligations under the Dissolution Agreement, including but not limited to Mr. Halabi's obligations to comply with any geographic restrictions during the Restricted Period as set forth in the Dissolution Agreement, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**Answer:** Opposer objects to Interrogatory No. 19 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Opposer also objects to Interrogatory No. 19 to the extent it seeks the disclosure of information that constitutes or contains trade secrets, confidential information, or proprietary data, the public disclosure of which would harm Opposer's position and proprietary interests. Subject to the objections, Opposer identifies the following:

Digital, online marketing is and has been predominantly utilized for marketing. During the Restricted Period, to ensure compliance with the geographic limitations set forth in the Dissolution Agreement, a radius from each location was monitored to prevent overlap into the Restricted Territories. To evaluate the conformity of Opposer's practices with the Dissolution Agreement, Opposer reviewed the Dissolution Agreement and compared its terms against the company's marketing strategies to confirm alignment.

**Interrogatory No. 20:** Identify and describe in detail and with specificity any internal policies, procedures, and/or directives, whether or not formalized in writing, established by Opposer to ensure Mr. Halabi's operation of Opposer complies with the Dissolution Agreement, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**Answer:** Opposer objects to Interrogatory No. 20 on the grounds that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Opposer also objects to Interrogatory No. 20 to the extent it seeks the disclosure of information that constitutes or contains trade secrets, confidential information, or proprietary data, the public disclosure of which would harm Opposer's position and proprietary interests. Subject to the objections, Opposer identifies the following:

Mr. Halabi frequently collaborates with Ms. Ahammer before major decisions. Ms. Ahammer and Mr. Halabi review the Dissolution Agreement's terms, Ms. Ahammer offering guidance to Mr. Halabi and the team accordingly. Ultimately, decisions are made by Mr. Halabi after considering the Agreement's stipulations and the advice given.

**Interrogatory No. 21:** Identify the address of any and all physical locations through which Opposer operated or operates the business offices identified by Opposer in Opposer's Answer to Interrogatory No. 17 of Applicant CPR, LLC's First Set of Interrogatories.

**Answer:** Opposer objects to Interrogatory No. 21 on the grounds that the requested information is as accessible to Applicant as it is to Opposer. Each physical location address is prominently displayed at the bottom of the homepage on each of the listed URLs referenced in Opposer's Answer to Interrogatory No. 17 of Applicant CPR, LLC's First Set of Interrogatories.

**<u>Interrogatory No. 22</u>:** For each business office identified by Opposer in Opposer's Answer to Interrogatory No. 17 of Applicant CPR, LLC's First Set of Interrogatories, identify the date of the first use of Opposer's Mark in commerce of Opposer's Mark associated with such business office, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**<u>Answer</u>:** Opposer provides the following as the date of first use for each business office:

| City | Website | Date of First Use |
|---|---|---|
| Arlington | cprarlington.org | May 18, 2022 |
| Atlanta | cprcertificationatlanta.com | February 22, 2021 |
| Augusta | cprcertificationaugusta.com | February 28, 2023 |
| Austin | cprcertificationaustin.com | February, 22 2021 |
| Baltimore | cprclassesbaltimore.org | May 10, 2021 |
| Baton Rouge | cprbatonrouge.org | May 10, 2022 |
| Birmingham | cprbirmingham.org | June 7, 2022 |
| Birmingham - Mountain Brook | | June 23, 2023 |
| Boca Raton | cprbocaraton.com | September 15, 2022 |
| Boston | cprcertificationboston.com | May 12, 2021 |
| Charleston | cprcharleston.org | September 29, 2022 |
| Charlotte | cprcertificationcharlotte.com | February 22, 2021 |
| Charlotte - Concord | | July 27, 2022 |
| Chicago - Lake View | chicagocprclasses.org | May 10, 2021 |
| Chicago - Marquette Park | | May 10, 2021 |
| Chicago - Park Ridge | | May 10, 2021 |
| Cincinnati | cprtrainingcincinnati.com | October 13, 2021 |
| Cleveland | cprclassescleveland.org | November 29, 2021 |
| Colorado Springs | cprclassescleveland.org | October 6, 2021 |
| Columbia | cprclassescolumbia.com | December 17, 2021 |
| Dallas | cprcertificationdallas.org | February 22, 2021 |
| Detroit | cprclassesdetroit.com | May 12, 2021 |
| Fort Lauderdale | cprcertificationfortlauderdale.com | February 22, 2021 |
| Fort Worth | cprfortworth.org | March 27, 2023 |
| Fresno | cprfresno.org | November 1, 2022 |
| Greensboro | cprgreensboro.org | January 3, 2022 |

| | | |
|---|---|---|
| Houston | cprcertificationhouston.org | February 22, 2021 |
| Indianapolis | cprindianapolis.org | February 17, 2022 |
| Irving | cprirving.org | August 25, 2022 |
| Jacksonville | cprclassesjacksonville.org | September 14, 2022 |
| Kansas City | cprkc.org | June 10, 2022 |
| Knoxville | cprknoxville.org | July 25, 2022 |
| Lanham | cprcertificationlanham.com | January 27, 2023 |
| Las Vegas | cprclasseslasvegas.org | June 14, 2022 |
| Little Rock | cprlittlerock.org | October 3, 2022 |
| Los Angeles - Montebello | cprcertificationlosangelesca.com | November 24, 2021 |
| Los Angeles - Torrance | | July 23, 2021 |
| Louisville | cprlouisville.org | January 13, 2022 |
| Mesa | cprmesa.org | February 17, 2022 |
| Miami | cprmiami.org | May 3, 2022 |
| Montgomery | cprclassesmontgomery.org | May 3, 2022 |
| Nashville | cprclassesnashville.org | February 28, 2023 |
| New York City - Bronx | cprclassesnyc.org | July 13, 2021 |
| New York City - Midtown | | July 7, 2021 |
| Newark | cprnewark.org | July 7, 2023 |
| Newport News | cprnewportnews.com | February 21, 2022 |
| Oakland | cprclassesoakland.org | May 10, 2021 |
| Oklahoma City | cprcertificationokc.com | Around June 2021 |
| Orlando - Main | cprcertificationorlando.com | February 22, 2021 |
| Orlando - Downtown | | February 22, 2021 |
| Philadelphia | cprclassesphiladelphia.org | May 12, 2021 |
| Phoenix | cprcertificationphoenix.com | February 2021 |
| Pittsburgh | cprcertificationpittsburghpa.com | Around June 2021 |
| Plano | cprplano.org | May 10, 2022 |
| Providence | cprclassesprovidence.com | April 12, 2023 |
| Raleigh | cprcertificationraleigh.com | May 13, 2021 |
| Sacramento | cprsacramento.org | February 11, 2022 |
| San Antonio | cprcertificationsanantonio.com | February 2021 |
| San Diego | cprsandiego.org | February 4, 2022 |
| St. Petersburg | cprclassesstpete.com | May 15, 2023 |
| Tacoma | cprtacoma.org | January 4, 2022 |
| Tampa | cprclassestampa.org | March 12, 2022 |

| | | |
|---|---|---|
| Toledo | cprtoledo.org | January 27, 2023 |
| Tucson | cprcertificationtucson.com | February 22, 2021 |
| Tulsa | cprtulsa.org | July 7, 2023 |
| Virginia Beach | cprcertificationvirginiabeachva.com | July 23, 2021 |
| Wesley Chapel | cprwesleychapel.com | May 3, 2022 |
| West Palm Beach | cprcertificationwestpalmbeach.com | February 22, 2021 |

**Interrogatory No. 23:** For each business office identified by Opposer in Opposer's Answer to Interrogatory No. 17 of Applicant CPR, LLC's First Set of Interrogatories, identify the date of the first bona fide sale of Opposer's Goods and/or Services under Opposer's Mark associated with such business office, and identify all documents and things sufficient to support and/or relating to your response to this Interrogatory.

**Answer:** Opposer provides the following as the first bona fide sale for each business office:

| City | Website | First Bona Fide Sale |
|---|---|---|
| Arlington | cprarlington.org | May 20, 2022 |
| Atlanta | cprcertificationatlanta.com | February 22, 2021 |
| Augusta | cprcertificationaugusta.com | March 3, 2023 |
| Austin | cprcertificationaustin.com | February 22, 2021 |
| Baltimore | cprclassesbaltimore.org | May 18, 2021 |
| Baton Rouge | cprbatonrouge.org | May 13, 2022 |
| Birmingham | cprbirmingham.org | June 13, 2022 |
| Birmingham - Mountain Brook | | June 24, 2023 |
| Boca Raton | cprbocaraton.com | September 29, 2022 |
| Boston | cprcertificationboston.com | May 18, 2021 |
| Charleston | cprcharleston.org | October 2, 2022 |
| Charlotte | cprcertificationcharlotte.com | February 22, 2021 |
| Charlotte - Concord | | July 29, 2022 |
| Chicago - Lake View | chicagocprclasses.org | November 1, 2021 |
| Chicago - Marquette Park | | November 29, 2021 |
| Chicago - Park Ridge | | October 7, 2021 |
| Cincinnati | cprtrainingcincinnati.com | December 21, 2021 |
| Cleveland | cprclassescleveland.org | March 3, 2021 |
| Colorado Springs | cprclassescleveland.org | May 19, 2021 |

| | | |
|---|---|---|
| Columbia | cprclassescolumbia.com | February 22, 2021 |
| Dallas | cprcertificationdallas.org | March 28, 2023 |
| Detroit | cprclassesdetroit.com | December 1, 2022 |
| Fort Lauderdale | cprcertificationfortlauderdale.com | January 5, 2022 |
| Fort Worth | cprfortworth.org | February 22, 2021 |
| Fresno | cprfresno.org | November 1, 2021 |
| Greensboro | cprgreensboro.org | November 29, 2021 |
| Houston | cprcertificationhouston.org | October 7, 2021 |
| Indianapolis | cprindianapolis.org | February 21, 2022 |
| Irving | cprirving.org | August 31, 2022 |
| Jacksonville | cprclassesjacksonville.org | September 19, 2022 |
| Kansas City | cprkc.org | June 11, 2022 |
| Knoxville | cprknoxville.org | July 27, 2022 |
| Lanham | cprcertificationlanham.com | January 31, 2023 |
| Las Vegas | cprclasseslasvegas.org | June 14, 2022 |
| Little Rock | cprlittlerock.org | October 5, 2022 |
| Los Angeles - Montebello | cprcertificationlosangelesca.com | November 28, 2021 |
| Los Angeles - Torrance | | July 23, 2021 |
| Louisville | cprlouisville.org | January 20, 2022 |
| Mesa | cprmesa.org | February 17, 2022 |
| Miami | cprmiami.org | May 4, 2022 |
| Montgomery | cprclassesmontgomery.org | May 8, 2022 |
| Nashville | cprclassesnashville.org | July 24, 2023 |
| New York City - Bronx | cprclassesnyc.org | August 7, 2021 |
| New York City - Midtown | | July 19, 2021 |
| Newark | cprnewark.org | July 10, 2023 |
| Newport News | cprnewportnews.com | February 23, 2022 |
| Oakland | cprclassesoakland.org | May 18, 2021 |
| Oklahoma City | cprcertificationokc.com | July 29, 2021 |
| Orlando - Main | cprcertificationorlando.com | February 22, 2021 |
| Orlando - Downtown | | May 30, 2023 |
| Philadelphia | cprclassesphiladelphia.org | May 17, 2021 |
| Phoenix | cprcertificationphoenix.com | February 22, 2021 |
| Pittsburgh | cprcertificationpittsburghpa.com | July 28, 2021 |
| Plano | cprplano.org | May 14, 2022 |
| Providence | cprclassesprovidence.com | April 16, 2023 |

| | | |
|---|---|---|
| Raleigh | cprcertificationraleigh.com | May 17, 2021 |
| Sacramento | cprsacramento.org | February 12, 2022 |
| San Antonio | cprcertificationsanantonio.com | February 22, 2021 |
| San Diego | cprsandiego.org | February 7, 2022 |
| St. Petersburg | cprclassesstpete.com | May 15, 2023 |
| Tacoma | cprtacoma.org | January 6, 2022 |
| Tampa | cprclassestampa.org | March 14, 2022 |
| Toledo | cprtoledo.org | February 2, 2023 |
| Tucson | cprcertificationtucson.com | February 23, 2021 |
| Tulsa | cprtulsa.org | July 10, 2023 |
| Virginia Beach | cprcertificationvirginiabeachva.com | July 23, 2021 |
| Wesley Chapel | cprwesleychapel.com | May 5, 2022 |
| West Palm Beach | cprcertificationwestpalmbeach.com | February 23, 2021 |

Dated: October 17, 2023

*/s/ Brittany J. Maxey-Fisher*
Brittany J. Maxey-Fisher, Esq.
Florida Bar Number: 44,586
Patent Bar Number: 57,621
bmaxeyfisher@maxeyfisher.com
Maxey-Fisher, PLLC
100 Second Avenue South, Suite 401N
St. Petersburg, FL 33701
(727) 230-4949
ttab@maxeyfisher.com
Attorney for Opposer

*/s/ Timothy B. O'Keeffe*
Timothy B. O'Keeffe, Esq.
Florida Bar Number: 1,027,033
tokeeffe@maxeyfisher.com
Maxey-Fisher, PLLC
100 Second Avenue South, Suite 401 N
St. Petersburg, Florida 33701
(727) 230-4949
ttab@maxeyfisher.com
Attorney for Opposer

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Sami Halabi, am the Chief Executive Officer of CPR Certification, LLC. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2023

Sami Halabi
Chief Executive Officer
CPR Certifications, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of October, 2023, a true and correct copy of OPPOSER CPR CERTIFICATION, LLC'S OBJECTIONS AND RESPONSES TO APPLICANT CPR, LLC'S SECOND SET OF INTERROGATORIES have been served via email on the following parties:

Joseph F. Southron Esq.
Florida Bar Number: 122109
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel.: 813.773.5105
Fax. 813.773.5103
Primary: joe@fourriverslaw.com
Secondary: eservice@fourriverslaw.com
Attorney for Applicant

Dated: October 17, 2023

*/s/ Brittany J. Maxey-Fisher*
Brittany J. Maxey-Fisher, Esq.
Florida Bar Number: 44,586
Patent Bar Number: 57,621
bmaxeyfisher@maxeyfisher.com
Maxey-Fisher, PLLC
100 Second Avenue South, Suite 401N
St. Petersburg, FL 33701
(727) 230-4949
ttab@maxeyfisher.com
Attorney for Opposer

*/s/ Timothy B. O'Keeffe*
Timothy B. O'Keeffe, Esq.
Florida Bar Number: 1,027,033
tokeeffe@maxeyfisher.com
Maxey-Fisher, PLLC
100 Second Avenue South, Suite 401 N
St. Petersburg, Florida 33701
(727) 230-4949
ttab@maxeyfisher.com
Attorney for Opposer