# EXHIBIT 12

Defendant Sami Halabi's Response to Plaintiffs' First Set of Interrogatories (Oct. 26, 2026)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS K. JOOS, JR. and
CPR LLC,

Plaintiffs,

v. Case No.: 8:25-cv-03368-TPB-AEP

SAMI HALABI and CPR
CERTIFICATION, LLC

Defendants.
_________________________________/

**DEFENDANT SAMI HALABI'S RESPONSE TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, Sami Halabi ("Halabi" or "Defendant"), by counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiffs' First Set of Interrogatories numbered 1 through 14, served on September 21, 2026, as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' INTERROGATORIES**

1. State whether You or any Marks-Using Entity is now, or has been at any time since each entity's Inception Date, teaching AHA courses, issuing AHA course-completion cards ("e-cards"), or aligned with any AHA Training Center or Training Site; and if so, identify each such entity and the applicable dates; and separately state the date of, and the reason(s) for, any suspension, termination, or removal of any AHA Training Center or Training Site status held by You or any Marks-Using Entity.

**RESPONSE: Defendant objects to this interrogatory because it is overbroad and not proportional to the needs of this case. Defendant, CPR Certification, LLC ("CPR Certification") maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students, all of which involved teaching AHA courses and issuing AHA course-completion cards. Plaintiffs' interrogatory is overbroad and is nothing more than a fishing expedition, intended to impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendants' business, which Plaintiffs, as direct competitors of Halabi's business, may use to their unfair competitive advantage.**

2. Identify each person or entity involved in the creation, commission, design, or selection of Defendants' Logo and of the Heart Mark (U.S. Trademark Registration No. 7,831,024), including the Fiverr artist and any Freepik or other stock-image source, and identify every account used to obtain, download, or license the design or any element of it.

**RESPONSE: Defendant, Sami Halabi, retained freelance digital designers on Fiverr, an online marketplace where freelance designers sell digital services and products, to assist in designing Defendants' Logo and the Heart Mark. Pursuant to Rule 33, Federal Rules of Civil Procedure, Defendant will produce correspondence with the Fiverr designers.**

3. Identify every Google account, social-media account, and messaging account and username owned, used, or controlled by You (including the "CPR Director 842" account and the samdesignatedemail@gmail.com account identified in Paragraph 18 of the Dissolution Agreement), and state, for each, the content You have posted concerning any CPR-training business, Plaintiffs, or Defendants.

**RESPONSE: Defendant objects to this interrogatory because it is not limited to any time period and is not related to any claim or defense raised in this action.**

4. Identify every name, alias, assumed name, or entity You have used to

offer, advertise, or provide CPR-related services, including the same "Sam Halpern" or "Samuel Halpern," and state the dates and services associated with each.

**RESPONSE: Defendant objects to this interrogatory because it is not limited to any time period and is not related to any claim or defense raised in this action.**

5. For each Affiliated Entity (842 Industries, LLC, Certification Classes, LLC, CPR Classes, LLC, United CPR Association, LLC, Certification Courses, LLC, and Fit Industries, LLC), state every title, office, or role You have held (including chief executive officer, manager, managing member, or registered agent), Your percentage membership or ownership interest and the dates You held it, whether You have or had signatory or financial authority over any of its bank, merchant, or payment-processor accounts, and whether You have the legal right or practical ability to obtain its books, records, and electronically stored information.

**RESPONSE: Defendant objects to this interrogatory because it is unlimited in time and is not related to any claim or defense raised in this action.**

**Defendant also objects to Plaintiffs' interrogatory pertaining to what Plaintiffs define as "Affiliated Entities." Plaintiffs' definition includes any entity owned, controlled, managed by, affiliated with, a parent or subsidiary of, or under the control of Halabi or CPR Certification. This definition is overbroad, falls outside the scope of Rule 26(b), and is not proportional to the needs of the case. Plaintiffs base their claims on Defendants' alleged improper use of a logo. Plaintiffs do not tether their "Affiliated Entities" definition to the logo at issue in this case, to any alleged use of the logo by an "Affiliated" entity, or to any claim or defense raised by the parties.**

**Defendant finally objects because Plaintiffs again seek confidential and proprietary information pertaining to Defendant's business structure, which Plaintiffs, as direct competitors of Defendant's business, may use to their unfair competitive advantage.**

6. Describe every transfer, sweep, loan, or distribution of funds from CPR Certification or any Affiliated Entity to You, or made at Your direction or for Your benefit, stating for each the date, the amount, the entity from which it came, and the reason.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant finally objects because Plaintiffs again seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Defendant's business, may use to their unfair competitive advantage.**

7. Describe Your personal participation in, and the identity of every other Person who participated in, each decision by CPR Certification or any Affiliated Entity to adopt, use, or continue using Defendants' Logo, the Heart Mark, or the name "CPR Certification" with a city or geographic designation; to create, claim, verify, edit, report, or merge any Google Business Profile; to direct or request the posting of any review concerning Plaintiffs or Defendants; to authorize, fund, or continue any proceeding before the Trademark Trial and Appeal Board or the U.S. Court of Appeals for the Federal Circuit; and to hold any entity out as aligned with or authorized by the AHA or ARC, stating for each decision the entity, the date, and Your role.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to this interrogatory because it does not seek information relevant to any claim or defense in this action. Plaintiffs make no allegation in their Second Amended Complaint regarding the American Red Cross ("ARC"). Among other things, Defendant was not aligned with the ARC, and provided no ARC training.**

**To the extent Plaintiffs seek information regarding CPR Certification, Sami Halabi was the ultimate decision maker on all significant CPR Certification matters, including adopting and using Defendants' Logo, the Heart Mark, and the name "CPR Certification" with the city name.**

8. Describe every instance known to You in which any books, financial records, or electronically stored information of CPR Certification or any Affiliated Entity have been deleted, altered, lost, or destroyed since December 12, 2020, stating for each the

date, the records affected, the Person responsible (including any Person known to You as "Ms. Ruiz"), and the reason.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Subject to the above objection as to the timing of Plaintiffs' interrogatory, I am not aware of any CPR Certification books, financial records, or electronically stored information being deleted, altered, lost, or destroyed.**

9. Identify all Persons with knowledge of the facts alleged in the Second Amended Complaint or of Your defenses, including every current or former officer, member, manager, employee, instructor, or contractor of CPR Certification or any Affiliated Entity, and all Persons whom You may call or rely upon as witnesses, stating for each the subject matter of their knowledge.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to this interrogatory because it is overbroad as stated and not proportional to the needs of this case. Given the breadth of Plaintiffs' claims, any person who has seen either party's logo could have knowledge of the facts alleged in the Second Amended Complaint. Further, CPR Certification maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students. Given Plaintiffs' allegations, it is possible each student could have knowledge of the facts alleged in the Second Amended Complaint.**

**Defendant has not yet determined whom he will rely upon as a witness in this matter; however, Defendant has knowledge of the facts alleged in his responsive pleading filed in this action, and plaintiff Douglas K. Joos, Jr., has knowledge of the facts alleged in his Second Amended Complaint.**

10. Identify every entity, trade name, website, and Google Business Profile through or under which You offered, advertised, or provided CPR, First Aid,

BLS, or related certification or training services at any time between December 12, 2020 and May 16, 2021, and, for each, state the logo or design displayed on it during that period and the date on which that logo or design was first displayed.

**RESPONSE: Defendant objects because this interrogatory is not proportional to the needs of this case. Defendant, CPR Certification, maintains 86 websites. Plaintiffs' interrogatory is nothing more than a fishing expedition, intended to impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant also objects to this interrogatory because it does not seek information relevant to any claim or defense in this action. Among other things, Plaintiffs seek information outside of what they concede is the relevant time period.**

**Defendant finally objects because Plaintiffs again seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Halabi's business, may use to their unfair competitive advantage.**

11. For each Restricted Territory assigned to Joos under Paragraph 5 and Schedule 3 of the Dissolution Agreement (the counties in which Clearwater, El Paso, Fort Worth, Jacksonville, Las Vegas, Memphis, Miami, New Orleans, St. Louis, Tallahassee, and Tampa are located), state whether You or any Marks-Using Entity or Affiliated Entity engaged in any Prohibited Activity (as that term is defined in Paragraph 5 of the Dissolution Agreement) during the Restricted Period (February 8, 2021 through February 8, 2022), including pursuing or soliciting customers, setting up any training site, or advertising online training, and for each identify the entity, the activity, the location, and the for the dates.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendants did not engage in any "Prohibited Activity" during the "Restricted Period."**

12. State whether, before CPR Certification filed the Notice of Opposition in Trademark Trial and Appeal Board Proceeding No. 91276058 (May 9, 2022), the

Motion for Reconsideration in that proceeding (March 25, 2025), and the Notice of Appeal in U.S. Court of Appeals for the Federal Circuit No. 25-2004 (August 6, 2025), You or CPR Certification gave Joos written notice of any alleged breach under Paragraph 12 of the Dissolution Agreement, and if so identify each such notice by date, author, recipient, and substance, and identify every Document constituting or reflecting it.

**RESPONSE: Neither Halabi nor CPR Certification gave Joos written notice of his alleged breach of Halabi and Joos's Partnership Dissolution Agreement before CPR Certification filed the above documents addressing Plaintiff, CPR LLC's trademark filings.**

13. Identify every entity, of any kind and whether or not engaged in CPR-related services, in which You hold or have held at any time during the Relevant Period any direct or indirect ownership, membership, beneficial, or control interest, and that (a) received funds or property from CPR Certification or any Affiliated Entity, (b) received funds or property from You that You had received from CPR Certification or any Affiliated Entity, or (c) shared with CPR Certification or any Affiliated Entity any office, employee, contractor, bank or merchant account, or other asset. For each, state the entity's legal name, type, and state and date of formation, the nature and percentage of Your interest and the dates You held it, and the date, amount, and nature of each receipt or sharing.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant also objects to this interrogatory because it does not seek information relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs again seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Halabi's business, may use to their unfair competitive advantage.**

14. Identify every Person who has, at any time since February 8, 2021, been identified to You or by You as a prospective purchaser of, investor in, or acquirer of CPR Certification, any Marks-Using Entity, or any Affiliated Entity, or of any material asset of any of them, including any of the Marks, and state for each the date and manner of the first contact, the assets discussed, the current status of the discussions, and every prior or existing business, financial, familial, or personal relationship between that Person and You or any Affiliated Entity.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant also objects to this interrogatory because it does not seek information relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs again seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Halabi's business, may use to their unfair competitive advantage.**

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated above are true and correct.

Sami Halabi

Dated: 10-26-26

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, I served via Email the foregoing discovery responses to Plaintiffs' counsel, Julia H. Weber (julia.weber@southronfirm.com) and Joseph F. Southron (joe@southronfirm.com and eservice@southronfirm.com), Southron Firm, P.A., 400 N. Ashley Drive, Suite 1720, Tampa, Florida 33602.

*/s/John A. Schifino*
John A. Schifino, Esq.
Florida Bar No. 0072321
Justin P. Bennett, Esq.
Florida Bar No. 112833
**GUNSTER**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
jschifino@gunster.com
jbennett@gunster.com

and

Brittany J. Maxey-Fisher, Esq.
Florida Bar No. 44586
**MAXEY-FISHER, PLLC**
7650 W. Courtney Campbell Causeway
Suite 110
Tampa, Florida 33607
Telephone: (727) 230-4949
bmaxeyfisher@maxeyfisher.com

Attorneys for Defendants