# EXHIBIT 14

Defendant CPR Certification, LLC's Response to Plaintiffs' First Set of Interrogatories (Oct. 26, 2026)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS K. JOOS, JR. and
CPR LLC,

Plaintiffs,

v. Case No.: 8:25-cv-03368-TPB-AEP

SAMI HALABI and CPR
CERTIFICATION, LLC

Defendants.
_______________________________/

**DEFENDANT CPR CERTIFICATION, LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, CPR Certification, LLC ("CPR Certification" or "Defendant"), by counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiffs' First Set of Interrogatories numbered 1 through 13, served on September 21, 2026, as follows:

**SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES**

1. Identify every entity through which Defendants (or Sami Halabi) have provided, marketed, or offered CPR, First Aid, BLS, or related certification or training services at any time since December 12, 2020, including 842 Industries, LLC and each Affiliated Entity and any successor, rebrand, or replacement entity (such as "Certification Courses, LLC"), and, for each, state its legal name, entity type, date and jurisdiction of formation, current status, and its role in and relationship to the other entities.

**RESPONSE: Defendant objects to this interrogatory because it is not relevant to any claim or defense in this matter and it is not proportional to any claim of defense in this case.**

**Defendant also objects to Plaintiffs' interrogatory pertaining to what Plaintiffs define as "Affiliated Entities." Plaintiffs' definition includes any entity owned, controlled, managed by, affiliated with, a parent or subsidiary of, or under the control of Halabi or CPR Certification. This definition is overbroad, falls outside the scope of Rule 26(b), and is not proportional to the needs of the case. Plaintiffs base their claims on Defendants' alleged improper use of a logo. Plaintiffs do not tether their "Affiliated Entities" definition to the logo at issue in this case, to any alleged use of the logo by an "Affiliated" entity, or to any claim or defense raised by the parties.**

**Defendant also objects to this interrogatory because it does not seek information relevant to any claim or defense in this action. Among other things, Plaintiffs seek information outside of what they concede is the relevant time period.**

**To the extent Plaintiffs seek the entity through which Defendant provided, marketed, or offered CPR BLS training using Defendants' Logo and the Heart Mark – CPR Certification.**

2. For each of Defendants' Logo and the Heart Mark, state the date on which it was (a) commissioned, ordered, or requested from any designer or stock-image source (including the Fiverr artist "antonclevela97" and Freepik); (b) delivered or downloaded; (c) first displayed on any website, Google Business Profile, social-media account, advertisement, printed material, certificate of completion, or business card; and (d) first used in commerce in connection with CPR, First Aid, BLS, or related certification or training services; and for each such date identify the Person who took the action, the entity on whose behalf it was taken, the location or medium of the use, and every Document evidencing it.

**RESPONSE: Defendant, Sami Halabi, retained freelance digital designers on Fiverr, an online marketplace where freelance designers sell digital services and products, to assist in designing Defendants' Logo and the Heart Mark. Pursuant to**

**Rule 33, Federal Rules of Civil Procedure, Defendant will produce correspondence with the Fiverr designers.**

3. For each entity identified in response to Interrogatory No. 1, identify all members, managers, officers, and directors from that entity's Inception Date to the present, stating for each person their role, their ownership or membership percentage, and the dates during which they held each interest or position.

**RESPONSE: Defendant objects to this interrogatory because it is not proportional to the needs of this case. Defendant maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students. Plaintiffs' request is nothing more than a fishing expedition, intended to do nothing more than impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendants' business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

4. Identify every instructor, trainer, contractor, or faculty member (including any offshore or Philippines-based personnel) who has taught for, contracted with, or provided services to any Marks-Using Entity at any time since February 22, 2021, stating for each their full name, last-known address, telephone number, and email address, the dates of their engagement, and the cities or markets in which they served.

**RESPONSE: Defendant objects to this interrogatory because it is not proportional to the needs of this case. Defendant maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students. Plaintiffs' request is nothing more than a fishing expedition, intended to do nothing more than impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendants' business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

5. Identify every American Heart Association and American Red Cross Training Center and Training Site under or through which any Marks-Using Entity have operated at any time, stating for each the Training Center or Training Site name and identification number, the entity to which it corresponded, the dates of alignment, and, for any alignment that has ended, the date of and reason for any suspension, termination, or removal, and separately identify every entity that has operated under, been aligned with, or been associated with Training Site Identification Numbers TS61371 and TS18168, including the entities identified on the American Heart Association Training Site List updated July 8, 2026 as "CPR Certifications, LLC," "CPRCA," and "UCPRA (United CPR Association)."

**RESPONSE: Defendant objects to this interrogatory because it is not proportional to the needs of this case. Defendant maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students. Plaintiffs' request is nothing more than a fishing expedition, intended to do nothing more than impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendants' business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

6. For each physical location, training site, class venue, or geographic market at which any Marks-Using Entity operated during the Relevant Period, state

(a) the gross revenue generated from classes offered under Defendants' Logo, the Heart Mark, or the name "CPR Certification"; (b) the financial institution and account into which that revenue was deposited; and (c) the amount and recipient of any subsequent transfer of that revenue to any other Marks-Using Entity, Affiliated Entity, or individual.

**RESPONSE: Defendant objects to this interrogatory because it is not proportional to the needs of this case. Defendant maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students. Plaintiffs' request is nothing more than a fishing expedition, intended to do nothing more than impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendants' business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

7. Identify every merchant, payment processor, and online-booking or class-registration platform (including without limitation Stripe, Square, PayPal, Google, and any class-registration or booking platform) used by any Marks-Using Entity at any time since each entity's Inception Date, together with the applicable dates and the entity to which each corresponded.

**RESPONSE: Defendant objects to this interrogatory because it is not proportional to the needs of this case. Defendant maintained 107 training site locations and provided an estimated 50,000 training sessions to almost 500,000 students.**

**Plaintiffs' request is nothing more than a fishing expedition, intended to do nothing more than impose an undue, and irrelevant, burden on Defendant, and it falls outside the scope of Rule 26(b).**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

8. Identify each bookkeeper, accountant, or certified public accountant who prepared or maintained the financial records of any Marks-Using Entity, stating for each the entity or entities for which they provided services and the dates during which they did so.

**RESPONSE:**

- **Berger, Toombs, Elam, Gaines & Franks CPAs PL (July 2021 – February 2025)**
- **Warren Averett (October 2024 – present)**
- **Maritza Ruiz (October 2022 – present)**

9. Describe Your relationship with each Affiliated Entity, including whether 842 Industries, LLC is or was Your parent, sole member, or majority member; whether You and any Affiliated Entity are parties to any common operating agreement, amended and restated operating agreement, or profit-share agreement; which entity employed, paid, or issued tax forms to the persons who taught, marketed, or administered Your classes; and which offices (including 401 East Jackson Street, Suite 1500, Tampa, Florida), personnel, bank or merchant accounts, payroll, bookkeepers, websites, domain names, telephone numbers, or Google Business

Profiles You have shared with any Affiliated Entity, stating the dates of each.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendant's business structure, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

**Subject to and without waiving the above objections, 842 Industries, LLC is CPR Certification's sole member.**

10. Identify every Person who has served as Your chief operating officer, manager, officer, or member, including Laura Ahammer, stating for each the position, the dates held, any membership or profit-share interest, and the scope of that Person's authority over Your branding and logos, websites and domain names, Google Business Profiles and reviews, instructors and contractors, and AHA or ARC alignment.

**RESPONSE: Defendant objects to this interrogatory because it does not seek information relevant to any claim or defense in this action. Plaintiffs make no allegation in their Second Amended Complaint regarding the American Red Cross ("ARC"). Among other things, Defendant was not aligned with the ARC, and provided no ARC training.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendant's business structure, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

**Subject to and without waiving the above objections, Laura Ahammer was never a member of CPR Certification. Ahammer became an employee of 842 Industries,**

**LLC in or around April 2021. On or about December 13, 2021, Ahammer became Chief Operating Officer of 842 Industries, LLC and its subsidiaries CPR Certification and CPR Classes, LLC, and served in that capacity until June 24, 2025.**

11. State whether any of Your revenue, customer lists or data, domain names, websites, Google Business Profiles, instructors, or rights in Defendants' Logo or the Heart Mark have been transferred to, shared with, or used by any Affiliated Entity (including Certification Courses, LLC or any other successor or rebranded entity), and for each such transfer, sharing, or use state the date, the entity, the asset or revenue involved, the consideration (if any), and the Persons who authorized it.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant objects to this interrogatory because the Court, with agreement of the parties, bifurcated the liability portion of this case from the damages portion of this case. Thus, until liability is decided on Plaintiffs' Lanham Act claims, Plaintiffs' request is premature.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

**Subject to and without waiving the above objections, Defendant has not transferred its assets or a membership interest to any entity or individual.**

12. Identify every Person who has, since February 8, 2021, made or received any offer, indication of interest, or proposal for, or has been engaged or consulted concerning, the sale, merger, acquisition, or other disposition of You, of any Marks-Using Entity or Affiliated Entity, or of any material asset of any of them, including every prospective purchaser, investor, broker, and business appraiser, and state for each the date, the assets involved, and the current status.

**RESPONSE: Defendant objects to Plaintiffs' interrogatory for the reasons stated above because Plaintiffs' definition of "Affiliated Entities" exceeds the scope of permissible discovery under Rule 26.**

**Defendant further objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**Defendant finally objects because Plaintiffs seek confidential and proprietary information pertaining to Defendant's business, which Plaintiffs, as direct competitors of Mr. Halabi's business, may use to their unfair competitive advantage.**

13. Identify every Person who authorized, approved, or directed the filing of the Notice of Opposition in Trademark Trial and Appeal Board Proceeding No. 91276058 (May 9, 2022), the Motion for Reconsideration in that proceeding (March 25, 2025), and the Notice of Appeal in U.S. Court of Appeals for the Federal Circuit No. 25-2004 (August 6, 2025), and separately identify every Person or entity that has paid, reimbursed, or agreed to pay any fee, cost, or expense of those proceedings, stating for each the amount paid, the date, and the source of the funds. This interrogatory does not seek the substance of any communication protected by the attorney-client privilege.

**RESPONSE: Defendant objects to the interrogatory because it is not relevant to any claim or defense in this action.**

**As the manager and decision maker for CPR Certification, Sami Halabi, after consulting with counsel, made the decision to authorize CPR Certification to file the above Notice of Opposition, Motion for Reconsideration, and Notice of Appeal. 842 Industries, LLC paid for the costs of the proceedings.**

DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated above are true and correct.

Sami Halabi, Manager of CPR Certification, LLC

Dated: 10-26-26

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, I served via Email the foregoing discovery responses to Plaintiffs' counsel, Julia H. Weber (julia.weber@southronfirm.com) and Joseph F. Southron (joe@southronfirm.com and eservice@southronfirm.com), Southron Firm, P.A., 400 N. Ashley Drive, Suite 1720, Tampa, Florida 33602.

*/s/John A. Schifino*
John A. Schifino, Esq.
Florida Bar No. 0072321
Justin P. Bennett, Esq.
Florida Bar No. 112833
**GUNSTER**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
jschifino@gunster.com
jbennett@gunster.com

and

Brittany J. Maxey-Fisher, Esq.
Florida Bar No. 44586
**MAXEY-FISHER, PLLC**
7650 W. Courtney Campbell Causeway
Suite 110
Tampa, Florida 33607
Telephone: (727) 230-4949
bmaxeyfisher@maxeyfisher.com

Attorneys for Defendants