# EXHIBIT 15

Declaration Testimony of Laura Ahammer (TTAB Jan. 23, 2024)

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA1335802** |
| Filing date: | **01/23/2024** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding no. | 91276058 |
| Party | Plaintiff<br>CPR Certification LLC |
| Correspondence address | BRITTANY J. MAXEY-FISHER<br>MAXEY-FISHER, PLLC<br>100 SECOND AVENUE SOUTH<br>SUITE 401N<br>ST. PETERSBURG, FL 33701<br>UNITED STATES<br>Primary email: ttab@maxeyfisher.com<br>Secondary email(s): laura@ucpra.org, rich@ucpra.org, JSchifino@gunster.com, bmaxeyfisher@maxeyfisher.com, director@ucpra.org, hkebler@maxeyfisher.com<br>727-230-4949 |
| Submission | Testimony For Plaintiff |
| Filer's name | Brittany J. Maxey-Fisher |
| Filer's email | ttab@maxeyfisher.com, bmaxeyfisher@maxeyfisher.com, hkebler@maxeyfisher.com |
| Signature | /Brittany J. Maxey-Fisher/ |
| Date | 01/23/2024 |
| Attachments | 20240119_857002_Declaration_Testimony_Laura_Ahammer.pdf(544405 bytes ) |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the matter of Application Serial No. 97/016,512
Published: March 08, 2022

| | |
|---|---|
| CPR Certification, LLC,<br>Opposer,<br><br>v.<br><br>CPR, LLC,<br><br>Applicant. | Proceeding No. 91276058 |

**TESTIMONY DECLARATION OF LAURA AHAMMER**

I, Laura Ahammer, hereby declare under penalty of perjury as follows:

1. I am the Chief Operating Officer of CPR Certification, LLC ("Opposer"), a business providing CPR certification and First Aid training in addition to other certification services in the medical health and wellness space ("Opposer's Services"). I am personally familiar with or have knowledge of the facts described herein.
2. My responsibilities at Opposer include market research for expansion, industry trend reports, regulatory compliance, operational benchmarks, marketing approaches, competitive assessments within the United States, among other day-to-day operational duties of Opposer.
3. As a result of my work for Opposer, I am knowledgeable concerning its trademarks and branding, including the advertising and use thereof, offers for sale of the services under the mark, market research for expansion, industry trend reports, regulatory compliance, operational benchmarks, marketing approaches, competitive assessments within the

United States, and compliance with contractual obligations of Opposer. I more generally oversee a broad range of company operations including interactions with our team, team management, scaling initiatives, growth strategies, compliance, legal communications, as well as the conceptualization and implementation of innovative solutions for profitability. I play a critical role in ensuring the smooth daily operations of the company

4. I have over twenty (20) years' experience in the health and wellness industry. My experience ranges from involvement with regulatory compliance, educational and certification services, actual rendering of various services, and now Chief Operating Officer. I have previously held and currently do hold various certifications in health and wellness services.
5. From February 08, 2021, until February 08, 2022 ("Restricted Period"), the Dissolution Agreement of Fit Industries, LLC ("Fit Industries") limited the geographic scope and restricted the territory of Mr. Sami Halabi ("Halabi") and Mr. Douglas Joos' ("Joos") competitive activities.
6. The Dissolution Agreement prohibited Halabi and Joos from conducting business in the eleven (11) territories each received (22 total) as result of dissolution (for Halabi's received territories, the "Halabi Territories"; for Joos' received territories, the "Joos Territories"; collectively the "Restricted Territories") for the duration of the Restricted Period.
7. I was instructed by Opposer's Chief Executive Officer, Halabi, to prevent Opposer from entering the Joos Territories during the Restricted Period.
8. Opposer did not conduct business in the Joos Territories during the Restricted Period.

9. The principal vehicle for marketing, advertising, and offering of Opposer's Services and related services is the internet.
10. Advertising and branding on Opposer's websites and social media sites constitute a large portion of Opposer's marketing.
11. Google Ad Words is one of the best marketing tools for businesses such as Fit Industries, Applicant, and Opposer.
12. Google Reviews are one of the most important aspects of obtaining and retaining business for Opposer.
13. Opposer did not target customers using websites or by any other means where such customers are solicited in the Joos Territories during the Restricted Period.
14. Opposer did not set up training sites in the Joos Territories during the Restricted Period.
15. No locations were set up for Opposer's Services in the Joos Territories during the Restricted Period.
16. Opposer did not advertise for or hire instructors for Opposer in the Joos Territories during the Restricted Period.
17. Opposer did not engage in any prohibited activities or competitive activities in the Joos Territories during the Restricted Period.
18. Applicant offers parallel services to Opposer's Services.
19. Applicant and Opposer's trade channels are competing and overlap in nature, as they are the same.
20. I ensured Opposer maintained compliance with the Dissolution Agreement, including by determining the size of the radius to be placed around each specific Halabi Territory and restricting the Google Ad reach ranging from five (5) to twenty-five (25) miles to limit

reach and be conservative in avoiding any Joos Territories. We did not enter any counties of any Joos Territories during the Restricted Period.

21. Opposer geotargeted using a specific, multiple mile radius with Google Ad Words to ensure no services were offered in the Joos Territories during the Restricted Period.
22. I oversee the day-to-day operations of Opposer, including but not limited to approving locations for business expansion, increasing growth, and managing work completed by or on behalf of Opposer.
23. I am responsible for approving the new locations Opposer expands into.
24. Opposer did not conduct business in any of the Joos Territories during the Restricted Period.
25. Opposer did not expand into the Joos Territories until after the expiration of the Restricted Period.
26. Opposer grew from eleven (11) locations to over eighty (80) locations since the inception of Opposer.

Pursuant to 28 U.S.C. § 1746, I, Laura Ahammer, declare under penalty of perjury that the foregoing is true and correct.

Date: January 23, 2024

By: /Laura Ahammer/
Laura Ahammer

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January, 2024, a true and correct copy of TESTIMONY DECLARATION OF LAURA AHAMMER has been served in its entirety via electronic mail on the attorneys of record.

Dated: January 23, 2024

/Brittany J. Maxey-Fisher/
Brittany J. Maxey-Fisher, Esq.
Florida Bar Number: 44,586
Patent Bar Number: 57,624
bmaxeyfisher@maxeyfisher.com
Maxey-Fisher, PLLC
100 Second Avenue South, Suite 401 N
St. Petersburg, Florida 33701
(727) 230-4949
ttab@maxeyfisher.com
*Attorney for Opposer*