# EXHIBIT D

GUNSTER
FLORIDA'S LAW FIRM FOR BUSINESS

Our File Number: 52179.01
Writer's Direct Dial Number: 813-739-6962
Writer's E-Mail Address: jschifino@gunster.com

April 6, 2022

**VIA EMAIL: joe@fourriverslaw.com**

Joseph F. Southron, Esq.
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602

Re: Sami Halabi

Mr. Southron:

Thank you for your March 17, 2022 letter, and thank you for your patience in allowing me additional time to prepare this response. For the reasons set forth below, Mr. Halabi does not agree that he has breached the parties' February 8, 2021 Dissolution Agreement. Further, Mr. Halabi does not agree that Mr. Joos has any protectible copyright or trademark, and does not agree that he has infringed on any alleged protectible right.

**1. Mr. Halabi has not breached the parties Dissolution Agreement**

Section 7 of the Dissolution Agreement provides, in part, as follows:

> The Members agree that the Company's current logo as seen on the websites currently operated by Fit shall become the sole and exclusive property of Joos. Halabi may use the words "CPR," "Certification," and the unique city name in the new logo, but the design . . . cannot incorporate the logo and must be different than the one currently used by Fit.

The parties' agreement does not require that the logos be "materially" different, "substantively" different, "substantially" different, or different so that "a reasonable person viewing your websites would be confused that they are operated by the same company as the one operated by Mr. Joos." The parties negotiated the Dissolution Agreement over several months and painstakingly negotiated every provision in the agreement, including Section 7. If Mr. Joos intended Mr. Halabi's logo to be anything other than different, the Dissolution Agreement would require that. It does not. As you can see from the below, Mr. Halabi's logo is, in fact, different. Those difference include the spacing and location font of the letters, the line through the heart, and the location of "certification." Also, Mr. Halabi is using a different color red.

CPR CERTIFICATION ORLANDO

(Halabi logo)

CERTIFICATION CPR JACKSONVILLE

(Joos logo)

Further, Mr. Halabi's company has used the above logo for almost 13 months before Mr. Joos provided notice of any alleged breach of the Dissolution Agreement. Mr. Joos has been fully aware of the design of Mr. Halabi's logo for that entire period of time. During this time, Mr. Joos had actual knowledge that Mr. Halabi was using his (Mr. Halabi's) logo in the development and marketing of his businesses. Through his delay, Mr. Joos has waived any right he has or may have had to complain about Mr. Halabi's logo, and is estopped from complaining of Mr. Halabi's continued use of the logo.

Regarding section 8 of the Dissolution Agreement, it provides, in part, as follows:

> For their respective Distributed Websites, the Members agree to make changes to all of their websites. In addition to changing the logo as set forth above (i.e., appearance only and not the words), Halabi agrees to change the hero picture on his websites, and change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" so that a reasonable person viewing websites operated by Halabi will not be confused that the websites are operated by the same company as the ones operated by Fit. Joos agrees to change the text on his websites so that a reasonable person viewing websites operated by Joos will not be confused that the websites are operated by the same company as the ones operated by Fit.

Here, unlike in paragraph 7, the parties each agreed to make changes to their websites so that a reasonable person viewing the websites would not confuse them with each other. These changes related exclusively to the text only of each party's website. Additionally, section 8 required Mr. Halabi to change the hero picture on his website, change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training." Below is a picture of the website for Mr. Joos's El Paso site, and an exemplar of Mr. Halabi's site. Mr. Halabi made every change required by the Dissolution Agreement.







To the extent Mr. Joos pursues any claim based on Mr. Halabi's alleged breach of sections 7 and 8 of the Dissolution Agreement, the claims would be meritless, and Mr. Halabi will seek to recover all costs and attorneys' fees incurred in defending against these meritless claims pursuant to section 23 of the agreement.

Upon closer review of Mr. Joos's websites, and unlike Mr. Halabi, it appears Mr. Joos has not made the changes to the text in all of his websites as required by the Dissolution Agreement. Mr.

Halabi hereby provides notice to Mr. Joos pursuant to section 12 of the Dissolution Agreement, and demands that Mr. Joos cure his breach within 15 days of his receipt of this correspondence.[1]

## 2. Mr. Halabi has not infringed on Mr. Joos's intellectual property.

Mr. Joos contends that he "is the author of each of his logos and websites," and contends that Mr. Halabi has infringed on the logo and website "[t]hrough the use of identically organized websites and an identical logo." As set forth above, Mr. Halabi's websites and logo are not identical to the websites and logo now used by Mr. Joos. Further, Mr. Joos contractually agreed to Mr. Halabi using the above website layout and above logo. Mr. Joos cannot now rely on copyright and trademark laws to try to alter or undo his contractual commitments and obligations. Finally, during his employment with Fit Industries, LLC ("Fit"), and as part of his responsibilities as an employee of Fit, Mr. Joos created the company's websites. His work on Fit's websites was work for hire in every respect. The work product is not and has never been Mr. Joos's. Similarly, regarding the logo, Mr. Joos was not the sole author of that. Mr. Halabi commissioned the initial design, and the parties subsequently modified that design, within the scope of their employment, into the one used by Fit. And it was Fit – not Mr. Joos or Mr. Halabi – that used the trademark during the operation of its business and owned the logo.

So there's no confusion, Mr. Halabi intends to continue his use of the website layouts set forth above, as is expressly allowed by the parties February 8, 2021 Dissolution Agreement. And he intends to continue his use of the logo set forth above, as is expressly allowed by the parties February 8, 2021 Dissolution Agreement.

## 3. Mr. Halabi has not tortiously interfered with Mr. Joos's business relationships.

Neither Mr. Halabi, nor anyone on his behalf, contacted Google or flagged Mr. Joos's Google profile as duplicate, or attempted to interfere with any business relationship Mr. Joos has or believes he has in Louisville. Mr. Joos's "co-working office space" in Louisville is nothing more than one of multiple "virtual" offices Mr. Joos maintains in that city. He did not lease, and I believe has not leased, any physical space in Louisville. This is a sham. Mr. Joos does not have and has never had any physical space to conduct any training in Louisville. Mr. Joos has engaged in this same charade in dozens of other cities.

As Mr. Joos is aware, Google rules for GMB location and verification provide that virtual offices, like Mr. Joos's in Louiville, are not eligible for a GMB profile. Mr. Halabi, unlike Mr. Joos, leased physical space in Louisville to actually conduct training. Mr. Halabi then did nothing more than attempt to register his physical address in Louisville to establish a Google business profile. Mr. Halabi did not mention, reference, "flag," or direct Google to Mr. Joos's virtual office. It was Google that identified Mr. Joos's virtual office, and it was Google that discontinued Mr. Joos's business profile because it violated Google's rules.

---

[1] I understand the Dissolution Agreement contemplates notices under section 12 being sent to the breaching party "directly." I will assume, however, you do not want me to communicate directly with your client. Please let me know if I'm mistaken.

It is our understanding that neither Mr. Joos nor any of his businesses have provided any CPR training in Louisville. Without an operating business, a location to provide training, and revenues, Mr. Halabi does not believe Mr. Joos has a colorable tortious interference claim.

**4. Conclusion.**

Mr. Halabi regrets that he and Mr. Joos are unable to operate in a business space that clearly has room for both of them, and frankly many more. Mr. Halabi understands the Dissolution Agreement has governed and will continue to govern his obligations, commitments, and responsibilities to Mr. Joos, and Mr. Halabi has complied with the agreement in every regard. Mr. Halabi expects Mr. Joos to do the same.

As we did successfully last February, Mr. Halabi is willing to sit down with Mr. Joos, and with counsel, to discuss their differences. But in the interim, Mr. Halabi has no interest in abandoning or diluting his rights under the Dissolution Agreement, and he intends to continue operating his businesses in strict and continued compliance with that agreement.

Very truly yours,

Gunster, Yoakley & Stewart, P.A.

John A. Sehifino
JAS/cas

cc: Mr. Sami Halabi

ACTIVE:15014641.1