# EXHIBIT E

Filing # 177067702 E-Filed 07/10/2023 04:21:04 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

Case No. ___________________

Douglas K. Joos,

Plaintiff Joos,

vs.

___________,

Sami Halabi,

Defendant Halabi.
____________________________/

**COMPLAINT**

COMES NOW, the Plaintiff, DOUGLAS K. JOOS ( "Plaintiff Joos"), by and through the undersigned counsel, sues the Defendant, SAMI HALABI ("Defendant Halabi"), and alleges as follows:

1. This is an action for damages that exceeds fifty-thousand dollars ($50,000.00) exclusive of interests and costs.

2. At all times material hereto, Plaintiff Joos is an individual residing in the State of Florida.

3. Defendant Halabi is an individual residing in the State of Florida.

## JURISDICTION AND VENUE

4. This is an action for damages and injunctive relief in excess of the jurisdictional minimum of this Court, exclusive of interests and costs, caused by Defendant Halabi's breach of contract and tortious interference with Plaintiff Joos's advantageous business relationships.

5. Venue is proper in Hillsborough County, Florida, as Defendant Halabi breached a contract in this state by violating a contract that is governed by this state pursuant to § 48.193, Florida Statutes, and the contract provides that Hillsborough County, Florida is the sole venue for any action arising out of the contract.

6. All conditions precedent required for bringing this suit have been complied with, waived, or excused.

## GENERAL ALLEGATIONS

7. On or around February 17, 2017, Plaintiff Joos and Defendant Halabi (collectively the "Parties") formed Fit Industries, LLC, a Florida limited liability company ("Fit" or "the Company"). Fit was in the business of providing classes, seminars, workshops, and other educational services in the fields of health, cardiovascular health, cardiopulmonary resuscitation (CPR), Automated External Defibrillator (AED), first aid, Machine Training, Bloodborne Pathogen, Certified Nursing Assistant (CNA), Emergency Medical Technician (EMT), Phlebotomy, and prevention or reduction of cardiac events, cardiovascular disease, and stroke.

8. On or around February 8, 2021, the Parties amicably agreed to dissolve Fit. Both Plaintiff Joos and Defendant Halabi signed a valid Partnership Dissolution

Agreement (the "Agreement"), attached hereto as **Exhibit A**. The Effective Date of the Agreement is February 8, 2021. In the Agreement, Plaintiff Joos and Defendant Halabi are defined as the "Members" of Fit.

9. Per the Agreement, Plaintiff Joos became, and at all material times hereto, has remained, the sole and exclusive owner of the logo that was designed for and operated by Fit (the "Logo"). Defendant Halabi was allowed to continue to use the words "CPR" and "Certification," and the unique city name in a new logo, but his logo design had to be different from the Logo designed for and operated by Fit.

10. The Agreement provides, in relevant part in Paragraph 7, "The Members agree that the Company's current logo as seen on the websites currently operated by Fit shall become the sole and exclusive property of Joos. Halabi may use the words 'CPR,' 'Certification,' and the unique city name in a new logo." *See* **Exhibit A** at ¶ 7.

11. Furthermore, Paragraph 7 prohibits Halabi from incorporating the Fit Logo in his websites following the dissolution: "the design (as used for the websites operated by Halabi, and as used in other documents and materials for the operation of the business, such as Certificates of Completion and business cards) cannot incorporate the logo and must be different than the one currently used by Fit." *See* **Exhibit A** at ¶ 7.

12. Furthermore, Paragraph 8 of the Agreement requires the following:

> In addition to changing the logo as set forth above (i.e., appearance only and not the words), Halabi agrees to change the hero picture on his websites, and change the icons above the words "BLS CPR Classes," "CPR + First Aid Training," and "Group Lessons and Private Training" so that a reasonable person viewing websites operated by Halabi will not be confused that the websites are operated by the same company as the ones operated by Fit.

**Exhibit A** at ¶ 8.

7. In Paragraph 6, the Dissolution Agreement defines February 22, 2021, as the "Transition Date" when each Member began their own individual separate business operations. *See* **Exhibit A** at ¶ 6.

8. However, beyond February 22, 2021, Defendant Halabi failed to abide by the stated terms of the Dissolution Agreement. Defendant Halabi continues to use a logo indistinguishable from the Logo exclusively owned by Plaintiff Joos.

9. Additionally, since February 22, 2021, Defendant Halabi has intentionally caused disruptions to Plaintiff Joos's businesses by interfering with Plaintiff Joos's office space, instructors, and internet domains.

10. Plaintiff Joos's clients have confused Defendant Halabi's business with Plaintiff Joos's business since Defendant Halabi uses an indistinguishable logo, as well as similar domain names, and operates in similar, if not the same, locations.

11. After signing the Agreement, which awarded Plaintiff Joos the Logo and domain names corresponding with certain cities, Defendant Halabi set up similar domain names for the same cities and began using a similar logo that would confuse any reasonable person as to how to distinguish between the businesses. For example, Plaintiff Joos was assigned ownership of CPRcertificationTampa.com in the Agreement, and uses the Logo as follows:

CERTIFICATION
CPR TAMPA

Defendant Halabi's logo appears as follows:

CPR TAMPA
CERTIFICATION

Defendant Halabi operates the domain name CPRclassesTampa.org under the above logo.

12. Defendant Halabi has continued to use a logo indistinguishable from the one owned by Plaintiff Joos in many locations. A non-exhaustive list, attached at **Exhibit B**, shows the cities for which Plaintiff Joos was assigned domain names in the Agreement, and domain names related to the same cities that Defendant Halabi is now using in conjunction with the indistinguishable logo, as well as a number of additional internet domains operated by Defendant Halabi using that logo.

13. Defendant Halabi has also used the logo indistinguishable from the one owned by Plaintiff Joos on a variety of printed materials that Defendant Halabi has distributed, including on business cards and completion cards.

14. On or around March 17, 2022, counsel for Plaintiff Joos sent a Demand Letter, attached at **Exhibit C**, to Defendant Halabi to cease and desist Defendant Halabi's improper use of the Logo and interfering with Plaintiff Joos's business, as it was infringing on Plaintiff Joos's rights and in breach of the Agreement.

15. However, Defendant Halabi has continued to behave in a manner that infringes on Plaintiff Joos's exclusive rights in and to the Logo, puts Defendant Halabi in breach of the Agreement, and interferes with Plaintiff Joos's businesses.

16. Defendant Halabi has caused and will continue to cause irreparable harm to Plaintiff Joos.

## COUNT I – BREACH OF CONTRACT

Plaintiff Joos incorporates and realleges paragraphs 1 through 16 above as if fully set forth herein.

17. On or about February 8, 2021, the Parties entered into a valid, legally enforceable contract, the Agreement, to dissolve Fit. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

18. Per Paragraph 7 of the Agreement, the Company's Logo would become the sole and exclusive property of the Plaintiff Joos. Defendant Halabi had only fourteen (14) days after signing the Agreement to utilize the existing printed material that may have contained the Logo or design that, after the Effective Date of the Agreement, became the exclusive property of Plaintiff Joos.

19. However, the Defendant Halabi continued to use the Logo well beyond the fourteen (14) day period, and thus is in breach of the Agreement.

20. Further, Paragraph 8 of the Agreement required Defendant Halabi to change (1) the logo on Defendant Halabi's websites; (2) the hero picture on Defendant Halabi's websites; and (3) the icons on Defendant Halabi's websites, all so that a reasonable person viewing Defendant Halabi's websites would not be confused with the ones operated by the Company. However, Defendant Halabi failed to make the requisite changes in order to avoid confusion of a reasonable person viewing Defendant Halabi's websites and is thus in breach of the Agreement.

21. Defendant Halabi's breaches, as set forth above, constitute material breaches of the Agreement.

22. On or about March 17, 2022, Plaintiff Joos notified Defendant Halabi in writing that Defendant Halabi was in breach of the Agreement and had fifteen (15) days to cure the breach, per Paragraph 12 of the Agreement. Defendant Halabi has failed to cure the breaches and thus remains in breach of the Agreement.

23. As a result of Defendant Halabi's breaches, the Plaintiff Joos has suffered damages.

**WHEREFORE**, Plaintiff Joos demands judgment against Defendant Halabi for any and all compensatory, incidental, consequential prejudgment interest, and other damages, costs, and attorneys' fees, in accordance with the Agreement and Florida Law, and any and all other relief this Court deems necessary, just, and proper.

**COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

Plaintiff Joos incorporates and realleges Paragraphs 1 through 16 above as if fully set forth herein.

24. Defendant Halabi took intentional and unjustified steps to interfere with Plaintiff Joos's advantageous business relationships.

25. On February 25, 2021, Plaintiff Joos established a working office space with Yes Working, in Louisville, Kentucky. Further, Plaintiff Joos maintained a paid Google business profile for his Louisville business, registering it under the name "CPR Certification Louisville" and registered under the following mailing address: 965 Baxter Avenue, Louisville, KY.

26. In or around January 2022, Defendant Halabi contacted Yes Working to establish a business profile in Louisville using Plaintiff Joos's name and the Logo. This

misrepresentation caused confusion to Yes Working, mistaking Defendant Halabi to be the same company as Plaintiff Joos. Yes Working believed that Defendant Halabi was an agent of Plaintiff Joos looking to upgrade the business profile. This resulted in Plaintiff Joos losing his business listing on Google due to the duplicative nature of Plaintiff Joos's and Defendant Halabi's businesses.

27. At the time of Defendant Halabi's wrongful acts as alleged herein, Plaintiff Joos, a successful entrepreneur and business owner, was enjoying advantageous and beneficial goodwill and business relationships with clients and instructors.

28. On September 8, 2021, Plaintiff Joos submitted a Trademark/Service Mark Application (Serial Number: 97016512) to the United States Patent and Trademark Office ("USPTO") for the following CPR Certification literal element and design mark:

29. On May 9, 2022, a Notice of Opposition was filed by Defendant Halabi with the USPTO whereby Defendant Halabi claims that Plaintiff Joos neither is nor was the rightful owner of the design mark, in another attempt to interfere with Plaintiff Joos's advantageous business relationships. A copy of the Notice of Opposition is attached hereto as **Exhibit D**.

30. Defendant Halabi has intentionally and unjustifiably interfered with Plaintiff Joos's business relationships through continued misrepresentations and misuse of Plaintiff Joos's exclusive property.

31. At the time of the wrongful acts, Defendant Halabi had knowledge of and was aware of Plaintiff Joos's long-developed goodwill and business relationships.

32. By the wrongful acts described above, Defendant Halabi intended to disrupt and interfere with Plaintiff Joos's business relationships for an improper purpose.

33. As a result, Plaintiff Joos has, and will continue to, suffer damages.

**WHEREFORE**, Plaintiff Joos respectfully requests damages, interest, costs, and for any and all such further relief this Court deems just and proper.

## COUNT III – INJUNCTIVE RELIEF

Plaintiff Joos incorporates and realleges Paragraphs 1 through 16 above as if fully stated herein.

34. This is an action in equity for injunctive relief. This action arises from the February 8, 2021, Agreement, through which, Plaintiff Joos has a clear legal right to the Company's Logo. *See* **Exhibit A**.

35. Injunctive relief is necessary in the instant case, as Plaintiff Joos has suffered and will continue to suffer irreparable harm because Defendant Halabi's wrongful actions 1) interfere with Plaintiff Joos's ongoing business relationships, 2) prevent Plaintiff Joos from continuing ongoing business relationships, 3) cause ongoing consumer confusion, and 4) allow Defendant Halabi to profit from the misuse of Plaintiff Joos's sole and exclusive property.

36. Plaintiff Joos has no adequate remedy at law to prevent Defendant Halabi from continuing in this manner.

37. Plaintiff Joos has complied in all material respects with the Agreement, including notifying Defendant Halabi of his breach and giving him fifteen (15) days to cure his breach in a cease and desist letter, yet Defendant Halabi continues to damage Plaintiff Joos's business relationships and the goodwill of his businesses.

38. If Defendant Halabi is not enjoined, and continues to misuse the Company's Logo to enrich himself, Plaintiff Joos will continue to be denied his rights under the Agreement; Defendant Halabi will continue to ruin the goodwill of Plaintiff Joos's businesses and relationships, causing irreparable harm to Plaintiff Joos.

39. Plaintiff Joos has a substantial likelihood of success on the merits of the claims because it is clear from Paragraph 7 of the Agreement that the Company's Logo is the exclusive property of Plaintiff Joos. *See* **Exhibit A**.

40. Furthermore, the wrongful acts of Defendant Halabi are in clear violation of the Agreement and should be restrained by this Court without delay.

41. Injunctive relief, moreover, is no broader than reasonably necessary to remedy Defendant Halabi's unlawful and unconscionable conduct.

42. Finally, the equitable and injunctive relief sought is in the public interest, as it would only serve to put the general public and Defendant Halabi on notice that a party in breach of freely bargained for contractual duties shall not stand to benefit from such wrongdoing. Furthermore, the equitable and injunctive relief sought is in the public interest, as it would prevent continued consumer confusion.

**WHEREFORE**, Plaintiff Joos, respectfully requests that this Court issue a temporary and preliminary injunction enjoining Defendant Halabi from his continued use of the Logo and from interfering with Mr. Joos's business, and any other relief this Court deems just and proper.

Dated: July 10, 2023.

Respectfully Submitted,

/s/ Joseph F. Southron
Joseph F. Southron
Florida Bar Number: 122109
E-Mail: joe@fourriverslaw.com
Secondary E-Mail: eservice@fourriverslaw.com
**FOUR RIVERS LAW FIRM**